## THE STATE, ex relatione v. BOWEN.

1. A mandamus will not lie to compel a judge of the county court to accept a bond tendered by the sheriff; he having adjudged it insufficient, and for that cause, having declared the office vacant.

ORMOND, J.—This was an application to the circuit court of Randolph county, for a *mandamus* to the judge of the county court of that county, commanding him to accept a bond tendered by the sheriff.

The judge of the county court, it appears, had declared the office of the sheriff vacant, in a proceeding at the instance of one of the sureties of the sheriff, to compel the sheriff to execute a new bond. The proceeding resulted in a judgment of the county court, declaring the office of sheriff vacated. This was a final judgment by a court of record in a matter over which it had exclusive jurisdiction, and whilst the judgment remained unreversed, was conclusive of all the matters thereby adjudicated. The sufficiency of the sheriff's bond was a matter in issue, and adjudicated in that proceeding, and the circuit judge acted correctly, therefore, in refusing a *mandamus*.

Let the judgment be affirmed.