7   459
142  118

## THE STATE, EX REL. NABOR'S HEIRS.

1. Where the plaintiff in an action of trespass to try titles dies *pendente lite*, the suit does not abate ; but if brought for the recovery of the freehold, its prosecution may be continued in the name of the plaintiff's heirs, and if a term of years, or mere chattel interest is sought to be recovered, in the name of his personal representatives. As the pleadings do not show the *quantum* of interest in controversy, the heirs or personal representatives, as they may agree between themselves, may be made plaintiffs, their right to recover depending upon the proof as adopted to their respective interests.

2. If a suit is improperly abated by order of Court on account of the plaintiff's death, its reinstatement may be coerced by *mandamus.*

THE relators, by their counsel, have presented to this Court, the record of an action lately pending in the Circuit Court of Shelby, at the suit of Wm. Nabors, now deceased, against Elihu Jones and others. That action was commenced on the 26th of March, 1842, as well to try titles to a certain tract of land, particularly described in the indorsement on the writ, and in the declaration as to recover damages for its detention and occupancy by the defendants.

At the term of the Circuit Court, holden in the fall of 1844, the case was disposed of, and an order entered as follows: "This day came E. W. Peck, the attorney for the plaintiff, and the said defendants by their attorneys, and the attorney for the plaintiff suggested, that since the last continuance of this cause, the said plaintiff had departed this life, and moved the Court, that the same be revived in the name of the heirs at law, of the said William Nabors, which the Court refused. The said attorney then moved the Court, to revive the said case in the name of the administrators of the said William Nabors, and produced to the Court the letters of administration; which motion the Court refused, and ordered the said cause to abate."

The counsel of the relators then presented to this Court their petition, in which, after disclosing the foregoing facts, they pray that a rule be made requiring the Circuit Court of Shelby to rescind the order they entered in the case referred to, and permit the relators to be made parties plaintiff in the same; or else show cause why a peremptory mandamus shall not be awarded.

E. W. PECK, for the relators, cited, Strange's Rep. 1056; Adam's Ejectment, (Tillinghast's ed.) 289; 8 Johns. Rep. 495; 18 Id. 295–302; 1 Wend. Rep. 27; 3 Id. 153; 1 Hen. &. M. Rep. 531; 3 Munf. Rep. 191; 1 Chitty's Pl. 59, 60; 4 Vin. Ab. 274, (p. 2.); 11 Id. 124.

COLLIER, C. J.—The act of 1821, declares, that "The fictitious proceedings in the action of ejectment are hereby abolished; and hereafter the mode of trying the right and title to lands, tenements, or hereditaments, shall be by action of trespass, in which the plaintiff shall indorse on his writ, and

copy writ, that the action is brought as well to try titles, as to recover damages." By the act of 1835 it is enacted, that " In all cases where the action of trespass to try titles, would, under the present laws, be the proper action, the plaintiff at his election, shall have either said action of trespass to try title, or the action of ejectment; and when the action of ejectment shall be brought, it shall be lawful, and shall be the duty of the jury trying the same, to assess the damages in favor of the real plaintiff, as in action of trespass to try titles." [Clay's Dig. §§ 43, 46.]

The first section of the act of 1821, very clearly indicates, that the action of trespass in the form which it prescribes, is but a substitute for ejectment with its common law fictions. And the second section declares, that the laws then in force in relation to the latter action, except as far as relates to fictitious proceedings therein, shall be applied to the action of trespass to try titles. This latter provision is not affected by the act of 1835, which merely gives ejectment where the plaintiff shall elect to sue in that form of action, instead of trespass. This being the clear construction of the statutes cited, we have but to inquire, what is the law in respect to an action of ejectment, in the condition in which the present case comes before us.

Without multiplying citations to the point, it may be stated, as a settled rule, that the death of the lessor of the plaintiff in ejectment does not abate the suit. [Frier v. Jackson, 8 Johns. Rep. 495; Jackson v. Austin, 1 Wend. Rep. 27.] The act of 1802 declares, that no suit shall abate by the death of either plaintiff or defendant, where the cause of action survives, and provides the mode for its revival. [Clay's Dig. 313, § 1.]

The action of trespass to try titles is not, in legal effect, trespass *quare clausum fregit*, and embraced by the act of 1826, which authorizes an executor or administrator to revive such a suit. In the former, the trial of the title and recovery of possession is the principal matter, to which the damages are accessorial, and it may be revived by an application of the rules which govern the remedy by ejectment.

It may be supposed, that the heirs are not entitled to the damages accruing previous to the death of their ancestor, and as the remedy in their favor cannot, by a revival of the suit,

secure all the rights of the original plaintiff, they should not be allowed to prosecute the action. Be this as it may, we think it furnishes no test by which the question we are considering can be determined. The recovery of the land, we have said, is the primary purpose of the suit, and the diminution of the damages by a change of plaintiffs, cannot defeat the principal object.

If then, the action was brought for the recovery of the freehold, upon the death of the plaintiff, his heirs are authorized to continue its prosecution; if a term of years, or a mere chattel real is sought to be recovered, it belongs to the personal representative, and in such case the executor or administrator is to be substituted for the decedent, to the remedy he commenced. In the action of trespass the *quantum* of interest in controversy, is not shown by the record, and the Court will admit either the heirs, or personal representatives, to revive the action, according as an agreement between them may show either the one or the other to be entitled. If, upon the trial, the proof should show that an improper plaintiff had been made, without reference to the merits of the case, there could be no recovery in his favor.

The consequence of what we have said, is, that the refusal of the Circuit Court to permit the suit to be revived, and ordering the same to be abated, was an error prejudicial to the relators. It is therefore ordered, that a *mandamus* issue to the Circuit Court of Shelby, commanding that Court to reinstate the cause therein lately pending, at the suit of Wm. Nabors against Elihu Jones and others, defendants, and permit the same to be revived in the name of the proper parties, instead of the plaintiff, who, it is alledged, has died since the commencement of the action; or else show cause at the next term of this Court, why this mandate has not been obeyed.