## BRADFORD v. BAYLES, ET AL.

1. Where a party is already before the Court, and the suit is improperly dismissed, a writ of error is the proper remedy.

Writ of Error to the Circuit Court of Monroe.

SAMUEL BRADFORD commenced this action, which is trespass, under the statute, to try the title to the land described in the pleadings. His death was suggested at the spring term, 1843, and Keturah Bradford, his executrix, made a party. The cause was continued for several terms, and disposed of at the fall term for 1845, by this entry : " Death of Samuel Bradford suggested, and the Court adjudged that the suit abate."

A bill of exceptions was taken by the plaintiff, which explains the proceeding then had.

It was suggested the cause of action did not survive, and therefore, although the executrix was made a party at a former term, the cause should be dismissed from the docket. Of this opinion was the Court, and so ordered. The plaintiff excepted to this ruling, and now assigns it as error.

F. S. BLOUNT, for the plaintiff in error, cited State ex rel Nabors, 7 Ala. Rep. 459.

E. W. PECK, contra, insisted there was no judgment in the cause, and therefore the writ of error was premature. The proper course of practice is *mandamus*, to reinstate the case.

GOLDTHWAITE, J.—We think sufficient matter appears for us to make out the consideration of the Court upon the fact stated. Although this is a very informal entry of judgment, yet no one can doubt its legal effect is to abate the suit, and this opinion is fully confirmed by the bill of exceptions, which shows that such was the intention of the Court.

Although when a party is dismissed out of Court, there are some instances in which a *mandamus* may be the proper mode

109

to reinstate himself, as it is where the amount in controversy is too small to warrant a writ of error, yet in general he may redress himself by writ of error. It will be seen the party had actually been admitted to the suit, some terms previous to that at which the abatement was ordered.

The case of State ex rel Nabors, 7 Ala. Rep. 459, is in point, to show that the suit could be revived, and we are constrained to infer the proper party was made, till the contrary is shown.

As the Court erred in dismissing the suit, the judgment is reversed and the cause remanded.