# Ex Parte LAWRENCE.

[APPLICATION FOR MANDAMUS TO CIRCUIT COURT.]

1. *Construction of agreement of record.*—In an action against a sheriff's sureties on their bond, the plaintiffs having entered a *nolle-prosequi* as to their original complaint, and filed an amended complaint, the parties thereupon entered into an agreement of record, in these words : " That the pleadings in the case of J. M. S. against these defendants, which put in issue the sufficiency of the complaint, the *factum*, or legal effect of said alleged bond, or the right of the plaintiffs to sue on the same, and the judgment rendered by this court or the supreme court on said questions, shall be taken to be, and shall be, the same in this case." At the time this agreement was made, an amended complaint in the case therein referred to had been filed, to which the defendants had interposed a demurrer, on the grounds that the complaint showed that the bond sued on had not been legally executed, and failed to show any right of action in the plaintiff. At the next term, the court sustained the demurrer, and the plaintiff thereupon took a nonsuit, with a bill of exceptions, and carried the case by appeal to the supreme

court, where the judgment of the circuit court was affirmed. *Held,* that the agreement did not authorize the court, while sustaining a demurrer to the complaint on file, to allow an amended complaint to be filed, obviating the effect of the decision of the supreme court in the other case. (R. W. WALKER, J., *dissenting.*)

2. *When mandamus lies.*—When the circuit court, improperly construing an agreement of record between the parties to a pending suit, allows the plaintiff to file an amended complaint contrary to the terms of the agreement, the supreme court will award a *mandamus* to enforce the agreement.

APPLICATION for a *mandamus* to the circuit court of Pickens, Hon. PORTER KING presiding, to compel the entry of a nonsuit in a case therein pending, wherein Croxton & Henry were plaintiffs, and the petitioners were defendants. The facts shown by the record, which was made a part of the motion, are these :

The action was brought by Croxton & Henry, against C. D. Lawrence and others, as the sureties of one Tandy P. Duncan, deceased, on his official bond as sheriff of said county of Pickens ; and was commenced on the 15th September, 1856. At the ensuing spring term, 1857, the following entry was made in the case : " This day came the parties, by their attorneys ; and the plaintiffs having, by leave of the court, filed an amended complaint, and entered a *nolle-prosequi* as to the original complaint, on application of the defendants, this cause is continued until the next term of this court ; and in open court the parties agree, that the pleadings in the case of John M. Sprowl against these defendants, (No. 1681,) which put in issue the sufficiency of the complaint, the *factum,* or legal effect of said alleged bond, or the right of the plaintiffs to sue on the same, and judgment rendered by this court or the supreme [court] on said questions, shall be taken to be, and shall be, the same in this case."

In the case of Sprowl v. Lawrence, referred to in the agreement above set out, the action was commenced on the 26th March, 1857. On the 23d April, 1857, which was a day of the spring term, the plaintiff filed an amended complaint ; to which, on the same day, the defendants filed a demurrer. At the ensuing fall term, 1857, the court sustained the demurrer ; and the plaintiff thereupon took a nonsuit, with a bill of exceptions, and brought the

case by appeal to this court, where, at the January term, 1859, the judgment of the circuit court was affirmed. See the report of the case in 33' Ala. 674.

In the case of Croxton & Henry v. Lawrence, at the spring term, 1859, the plaintiffs asked leave to amend their complaint. The defendants resisted this motion, and moved the court to render a judgment of nonsuit, as had been rendered in the case of Sprowl v. Lawrence, at the fall term, 1857 ; and, in support of their motion, read to the court the judgment-entry and agreement above set out, together with the pleadings and judgment in the case of Sprowl v. Lawrence, as above stated. On these facts, the court overruled the defendants' motion, "but rendered judgment sustaining the demurrer, as was done in the case of Sprowl v. Lawrence, and refused to render final judgment, that the defendants go hence, &c., as was done in that case on the nonsuit taken by the plaintiff; and then granted leave to the plaintiffs to amend their complaint." The defendants reserved exceptions to these rulings of the circuit court, and they now make them the basis of their application for a *mandamus*, to compel that court to enter a nonsuit pursuant to the terms of the agreement, and to set aside the judgment which was rendered.

E. W. PECK, for the motion.

T. REAVIS, and S. F. HALE, *contra.*

STONE, J.—It is not controverted here, that the agreement entered of record in the circuit court must, as far as its provisions extend, control the decision of this case. The controversy in this court is over the construction of that agreement. In fact, it would be difficult to maintain the proposition, that in civil suits the parties may not, by agreement, make any disposition of the whole or any part of the cause "which seemeth them good."

It may not, perhaps, be out of place to give some attention to the inquiry, for what purpose was this agreement entered into ? Its object must have been to relieve *the parties*, on certain questions common to both suits, from

the additional expense of more than one suit, and *the counsel* from the additional labor of more than one issue and trial. The two suits, as to the points covered by the agreement, were identical in law and fact; and conceding to the agreement this object, its policy must command general approbation. The same leading counsel seem to have represented the parties in each suit. Without some agreement, the several suits must probably have gone, *pari passu*, through the stages of pleading, trial, appeal and final judgment, with the accumulating costs usually attendant on such proceedings. It is probable the pleadings in each suit would have raised the same legal questions. If so, each, on these questions, must have shared the same ultimate fate. In fact, we think it may be assumed, looking at the terms of the agreement, that on the points therein mentioned, the parties stipulated that one case should decide both.

It is contended for plaintiffs in the court below—Croxton & Henry—that the agreement exhausted its controlling powers, when the demurrer to a complaint, filed in the form of the amended complaint in the case of Sprowl v. Lawrence and others, was sustained. The circuit court was of this opinion, and gave plaintiffs leave to file an amended complaint. Because of this ruling in the court below, we are asked to control its action by *mandamus*.

The language of the agreement is as follows: "The parties agree, that the pleadings in the cause of John M. Sprowl against these defendants, &c., which put in issue the sufficiency of the complaint, the *factum*, or legal effect of said alleged bond, or the right of the plaintiffs to sue on the same, and judgment rendered by this court or the supreme [court] on said questions, shall be taken to be, and shall be, the same in this case." Now, it is manifest that, by the terms of this agreement, certain proceedings in this case were to be the same as those in the case of Sprowl. These proceedings were not then complete. The amended complaint had been filed, and possibly some action had on it. Much remained to be done afterwards. To prevent multiplication of labor and costs, the agreement stepped in and took the place of pleadings and judg-

ment. On certain points, the pleadings and judgments,
had and to be had in the case of Sprowl, "shall be
taken to be, and shall be, the same in this case." On
what points ? The agreement answers the question : 1st,
*The pleadings, which put in issue the sufficiency of the complaint.*
In other words, the same *form* of complaint, and the same
*causes* of demurrer. These must be the same. 2d. The
pleadings, which put in issue *the factum, or legal effect of
said alleged bond, or the right of the plaintiffs to sue on the
same.* The word *or* in this clause means *and.* These
also must be the same. 3d. The judgments rendered
by the circuit and supreme court *on these questions* are to
be the same. On what questions ? The *sufficiency of the
complaint,* which should be put in issue by the pleadings
in the case of Sprowl, the *factum and legal effect* of the
bond, and the *right of the plaintiffs to sue* on said bond so
put in issue. These are *the questions* which, by the terms
of the agreement, were to be the same in the two
cases, and upon which the judgment in the case of
Sprowl, both in the circuit and supreme courts, was to be
entered as the judgment in this case. The two cases
were, on these points or questions, to travel *pari passu.*
The judgment of the circuit court in the one case, was to
the judgment of the circuit court in the other case. If
the judgment of the circuit court in the one case should
be reversed, the similar judgment of the circuit court in
the other case was to be reversed. Any other view of this
agreement will leave inoperative all of its provisions,
except that which provides for the same form of com-
plaint and issue upon it, and the same judgment upon
that issue.

The construction of those who oppose this motion,
might be true, and would give the agreement an opera-
tion quite as extensive as they concede to it, if, by its
terms, it had simply provided for an amended complaint
and issue on it, similar to those filed and formed in the
case of Sprowl, and a similar judgment to be pronounced
thereon. The agreement contains much more than this.
It also bound the parties to conform the pleadings and
issue in this case, and judgment to be rendered upon

them, to the pleadings, issue and judgment in the case of Sprowl, which presented and disposed of the *factum* and legal effect of the bond, and the right of the plaintiffs to sue on the same. We know no rule of construction which authorizes us to expunge from the agreement these important provisions.

If the opponents of this construction give any operation to the clause last above mentioned, then they are forced to interpolate in the agreement the italicized clause below, and make it read as follows : " The parties agree, that the pleadings in the cause of John M. Sprowl against these defendants, &c., which put in issue the sufficiency of the amended complaint,"—*which issue on the amended complaint presents the question of*—" *the factum* or legal effect of the said alleged bond, or the right of the plaintiffs to sue on the same," &c. We have no canon of construction which authorizes interpolation, where the agreement is, like this, full and complete on its face. The frame of this agreement, we think, requires us to construe those several clauses conjunctively.

The question may very pertinently be asked, why did the parties in this case agree that the same judgment was to be rendered, as was to be rendered in the case of Sprowl ? If, as is contended, the agreement expended its force when judgment should be pronounced on the demurrer to the amended complaint, it is difficult to conceive why any stipulation as to the judgment should have been thought necessary. The complaint and grounds of demurrer being the same, the judgment upon them would necessarily have been the same. And why go through this needless formality, if it settled no rights between the parties ?

There is nothing in the argument, that the court can not compel the plaintiffs to submit to a nonsuit. If they have made a valid agreement of record that this case shall go out of court by a nonsuit, it is, perhaps, not necessary for us to inquire whether the court, by an order dismissing their suit, can force them to a substantial compliance with their agreement. The nonsuit, in the case of Sprowl, was no part of the pleadings or judgment. It was a vol-

untary act of the plaintiff; thus resting the judgment of the court on the nonsuit taken, rather than on demurrer sustained. The circuit court had pronounced in favor of the demurrer, and this court affirmed its judgment. The case of Sprowl was then out of court by final judgment, but rendered on voluntary nonsuit. The present plaintiffs, having by the agreement the same right to take a nonsuit in this case as was exercised in the case of Sprowl, will not be heard to complain that the circuit court has no power to compel them to take that course.

Take the other view. The circuit court allowed the plaintiffs to amend their complaint. When the complaint was amended, the pleadings were not the same, which put in issue *the factum* of the bond, *its legal effect,* nor *the right of the plaintiffs* to sue on it. This was a palpable violation of the argument.

But the parties went further. They not only by agreement fixed the character of the pleadings, but also the judgment to be pronounced on those pleadings. No matter what the opinion of the court *on these questions* might be in this case, the judgment, *by force of the agreement,* was to follow that rendered in the case of Sprowl. This, then, was not the judgment of the court on questions presented to the judicial mind. It was but the formal entering up of the agreement made by the parties. *Consideratum est,* is not the language of such judgment. How, then, can it be urged that the court, *as a court,* can add to the agreed entry, not what was contemplated by the agreement, but a judgment of the court allowing an amendment of pleadings, on the sufficiency of which it had not pronounced, and, conforming to the agreement, could not pronounce?

It is manifest that the circuit court erred, in allowing the complaint to be amended; and for the correction of such error, we think *mandamus* the appropriate remedy. *Ex parte* Cole, 28 Ala. 50 ; *Ex parte* Robbins, 29 Ala. 71.

A rule *nisi* is ordered to the circuit court of Pickens county, to show cause why a *mandamus* shall not issue to compel the performance of the agreement of the parties, as herein above construed.

R. W. WALKER, J. (dissenting).—At the time the agreement was made, an amended complaint had been filed in the case of Sprowl v. Lawrence, to which the defendants in that case had interposed a demurrer, assailing the sufficiency of the complaint, and assigning as causes of demurrer, that it appeared upon the face of the complaint that the bond therein described had not been legally executed, and was not a valid obligation, and that the complaint failed to show any legal right *in the plaintiff to sue on the bond in his own name. In other words, when the agreement was made, there were on file in the case of Sprowl certain pleadings, namely, an amended complaint, and a demurrer thereto, which put in issue the sufficiency of the complaint, the *factum*, or legal effect of the bond, and the right of the plaintiff to sue on the same. This will be more fully understood by reference to the case of Sprowl v. Lawrence, decided at the last term. These, then, were the pleadings to which the parties in this case referred, as the pleadings which put in issue the specific questions named in the agreement. These pleadings, and the judgment to be rendered on the *questions* specified as arising on them, were to be the same in both cases. It seems to me that my brothers lose sight of the fact, that the amended complaint in the case of Sprowl, and the demurrer thereto, then on file, *did* raise all of the questions specified in the agreement. They seem to consider that the pleadings which put in issue the sufficiency of the complaint, could not be the same pleadings as those which put in issue the *factum*, or legal effect of the bond, and the right of the plaintiff to sue on the same. They treat the agreement as referring to two distinct sets of pleadings—*first*, those which embrace the form of complaint, and the causes of demurrer thereto; and, *second*, those which put in issue the *factum*, or legal effect of the bond, and the right of the plaintiff to sue on the same. A reference to the grounds of demurrer assigned in the case of Sprowl, and the opinion of this court in that case, will clearly show that all the questions are presented by the same pleadings, and that these pleadings were the amended complaint and the demurrer thereto, on file

when this agreement was made. And these, in my opinion, are the pleadings referred to in this agreement, as those which put in issue the particular questions specified. The judgment *on these questions*, and not on any other, is to be same in both cases.

The language of the agreement, when considered in connection with the fact that there were, when it was made, pleadings on file in the case of Sprowl, which put in issue *all of the questions* recited, is convincing proof, to my mind, that these were the pleadings which the parties agreed should be the same in both cases. The entire purpose of the parties was, to make the decision which might be made in the circuit or supreme court in the case of Sprowl, on the particular questions named in the agreement, the rule of decision on the same questions now before us. One of these questions was, the sufficiency of the amended complaint then on file in the case of Sprowl. And the only judgment which has ever been rendered upon either of the questions specified, is that this amended complaint was insufficient. The non-suit which the plaintiff in that case voluntarily took, when that decision was made, was in no sense a judgment upon either of the *questions* named in the agreement; and when that case was brought to this court, the judgment of affirmance here rendered was not a judgment adverse to the present plaintiffs upon any of the questions specified, except to this extent—that the affirmance of the judgment of the circuit court necessarily involved a judgment that the amended complaint was insufficient, for the reasons announced in the opinion of this court in that case. And just here it must be noticed, that in the very opinion in which this court decides one of the three questions specified against the plaintiffs, it decides the other two in their favor. And in that opinion all of the questions named in this agreement are treated by this court, and considered, and decided, as arising on the pleadings which were on file in Sprowl's case, when the agreement was made. For, in that opinion, and upon those pleadings, we considered and decided the questions at issue between the parties in relation to the *factum*, or legal effect of the bond, and the right of the plaintiffs to

sue on the same.   Here, then, is a judicial ascertainment by this court that all of the questions specified were put in issue by the pleadings which were on file in Sprowl's case, when the agreement was made.   Now, what reason is there for holding that the agreement referred to any pleadings except those which were then subsisting, and which fully answered the descriptions given by the parties themselves of the pleadings which were to be the same in both cases?

It appears from the agreement, that the plaintiffs in the present suit had, at the same term of the court at which the agreement was made, entered a *nolle-prosequi* as to their original complaint, and had, by leave of the court, filed an amended complaint.   This amended complaint is not set out in the record; but, under the agreement, we must consider it as having been identical with the amended complaint in the case of Sprowl.   In my opinion, the agreement is fully executed by the rendition of a judgment in this case, sustaining the demurrer to this amended complaint.   Such a judgment would not deprive the plaintiffs of a right to amend their complaint anew, by leave of the court.   For these reasons, I dissent from the opinion of the majority of the court.