# *Ex parte* Holding *et al.*

## *Application for Mandamus to Chancellor.*

1. *Rendering decree in vacation, by consent.*—When a cause is submitted in term time, by consent entered of record, "for a decree in vacation under the statute," the chancellor may render his decree after the expiration of the ninety days prescribed by the statute (Sess. Acts 1873, p. 58; Rev. Code, §§ 717, 3470); and such decree being valid, he has no power to vacate and annul it at a subsequent term.

THIS was an application by William M. Holding and others, by petition addressed to this court, for a writ of *mandamus* to Hon. H. C. SPEAKE, the chancellor of the Northern Chancery Division, commanding him to vacate and set aside a certain decree, rendered by him on the 8th December, 1875, in a cause pending in the Chancery Court of Madison, wherein Milton Humes, as the administrator of the estate of George Steele, deceased, was plaintiff, and these petitioners, with others, were defendants. The petition alleged, and the transcript which was made an exhibit showed, that the bill was filed for the purpose of construing the will of the said George Steele, settling the rights and equities of the various creditors, and making a final distribution of the estate; that at the June term, 1874, by written consent, signed by the solicitors of all the parties, and filed in court, the cause was "submitted for decree in vacation under the statute;" that, under this submission, the chancellor (Hon. R. S. WATKINS) rendered a decree on the 20th October, 1874, by which he gave these petitioners a preference and priority over the general creditors, and directed that their debts should be first paid out of the assets of the estate; that at the December term, 1875, the general creditors filed a petition in the cause, asking that this decree might be vacated and set aside, on the ground that it was void, because it was not

rendered within ninety days after the submission of the cause; and that on the hearing of this petition, after argument, the chancellor (Hon. H. C. SPEAKE) rendered a decree on the 8th December, 1875, vacating, annulling, and setting aside the former decree. This latter decree these petitioners now ask to have vacated and annulled, thereby reviving and restoring the former decree.

The case involves the construction of sections 717 and 3470 of the Revised Code, and the act approved December, 1873, amending the latter section. These statutes are in the following words : "Chancellors may make orders, and render final decrees, at any time, by consent of parties or their counsel."—Rev. Code, § 717. "The chancellor must, when practicable, render his decrees in writing, during the session of the court at which the cause is heard; he may, however, in difficult cases, render a decree in vacation, within six months after the hearing."—Rev. Code, § 3470. By the act approved December, 1873, this latter section was amended, so as to read as follows : "The chancellor must, in all cases, render his decrees in writing, during the session of the court at which the cause is heard; he may, however, by the written consent of the counsel in the cause, render a decree in vacation, within ninety days after the hearing."—Session Acts 1873, p. 58.

L. P. WALKER, and BRANDON & JONES, for the petitioners.— The amendatory act of 1873 contains no negative words, restraining the chancellor from rendering a decree after the expiration of ninety days ; and section 717 (Rev. Code) is left unchanged. A statute, specifying the time within which a public officer is to perform an act regarding the rights and duties of others, will be regarded as directory merely, unless the nature of the act to be performed, or the language of the statute, shows that it was intended as a limitation of power.— *Rex v. Sparrow*, 3 Stra. 1123 ; *Rex v. Loxdale*, 1 Burr. 447 ; *Pond v. Negus*, 3 Mass. 230; *People v. Allen*, 6 Wendell, 486 ; *People v. Cook*, 14 Barbour, 290 ; *Ryan v. Vallandingham*, 7 Ind. 416 ; *Walker v. Chapman*, 22 Ala. 126 ; 5 Cowen, 269 ; 10 Ala. 107 ; 26 Ala. 619 ; 18 N. Y. 200 ; *Ex parte Heath*, 3 Hill, 42 ; *People v. Holley*, 12 Wendell, 486 ; 29 Maryland, 516; 1 Parker's Crim. Rep. 374 ; *Wood v. Chapin*, 13 N. Y. 509 ; *Stewart v. Slater*, 6 Duer, 84 ; *People v. Dawson*, 25 N. Y. 399 ; *Barnes v. Badger*, 41 Barbour, 98 ; *Marshall v. Longworthy*, 6 Hill, 646 ; *Striker v. Kelly*, 7 Hill, 9 ; *Webster v. French*, 12 Illinois, 302 ; Potter's Dwarris, 226, note ; Cooley's Const. Lim. 77-8 ; *Commissioners' Court v. Rather*, 48 Ala. 433 ; *State v. McLean*, 9 Wisconsin, 292.

STONE, J.—In the case of *Erwin v. Reese*, decided at the last term, the record showed that the cause had been submitted in term time, on an agreement, entered of record, that the cause should be taken up and decided during the session of another named court, which would not, and did not sit, until after ninety days from the adjournment of the term at which the submission was made. Pursuant to the agreement, the cause was heard and determined at the agreed time and place. One assignment of error questioned the authority of the Chancery Court to hear and determine the cause after the expiration of the ninety days from the adjournment. Each member of this court was competent to sit, and did sit in that cause. We said: " We do not think the legislature intended, by the act of December, 1873 [see Pamph. Acts, 58], to declare void orders and decrees, correct in themselves, made, by consent of parties, in vacation, although not within the time prescribed by its terms." We affirmed the decree in that cause.

That decision was made to turn materially on section 717 of the Revised Code. While I agree that the judgment declared in that cause was correct, the decree having been rendered within the precise terms of the agreement, if it were an open question, I would feel inclined to doubt the correctness of the rule, when invoked in such a case as this. In this cause, the submission was in term time, on written agreement signed, that the decree might be rendered in vacation, "under the statute." The question, however, is one of practice only ; and inasmuch as only two members of the court sit in this cause, I yield my doubts. A rule of practice, adhered to, can work but little inconvenience ; while frequent changes tend to throw everything into confusion.

A very forcible argument is made in support of the construction of the act of 1873, given in the case of *Erwin v. Reese, supra*, in this : that statutes enjoining official duty are generally construed as directory, unless they contain negative words or clauses.—See *Commissioners' Court of Limestone Co. v. Rather*, 48 Ala. 433, and authorities in brief of counsel.

The chancellor has indorsed on the record in this cause a written waiver of the issue of a rule *nisi*, and a consent that, if this court decide that "the case made by the petition is a proper one for *mandamus*," then "that the same may be ordered without the delay of intermediate orders." The record before us contains all the material facts necessary to the decision of this motion. Under the authority of the case of *Erwin v. Reese, supra*, the chancellor erred in the decretal order of December 8th, 1875, vacating and annulling the de-

[Baldwin et al. v. Hatchett, adm'r, &c.]

cree of October 20th, 1874. A writ of *mandamus* is awarded, commanding and directing the chancellor of the Northern Division to vacate and annul the said decretal order of December 8th, 1875, and restoring thereby the decree of 20th October, 1874.

We have no parties before us against whom we can award costs.—42 Ala. 563.

BRICKELL, C. J., not sitting.