# *Ex parte* McKissack *et al.*

### *Petition for Mandamus.*

1. *Mandamus—will not issue to control the exercise of discretion.*— Mandamus will not lie to compel the granting of a motion to dismiss an attachment for insufficiency of the attachment bond; the granting of the motion being in the discretion of the court, and defendant in attachment having an adequate remedy by plea in abatement, and, if the plea be pronounced insufficient, by appeal.

2. *Same; will not lie where there is other adequate, specific legal remedy.*—Mandamus lies only where there is a specific legal right, and there is no other specific legal remedy adequate to its enforcement.

ORIGINAL APPLICATION FOR MANDAMUS, BEFORE THE SUPREME COURT.

S. J. McKissack and R. L. McKissack filed their original petition for mandamus in the Supreme Court, in which they allege the following facts: On December 13, 1892, Weitz, Beidler & Co. sued out an attachment against S. J. McKissack alone for the sum of $1,330 before a justice of the peace of Henry county, returnable to the circuit court of Henry county. Preparatory to the issuance of the writ of attachment, Weitz, Beidler & Co. made an affidavit in which they alleged that S. J. McKissack had fraudulently disposed of his property, and gave a bond as required by law, payable alone to S. J. McKissack, which bond was so payable at the time it was signed by the sureties thereon. The writ of attachment was levied on certain personal property, supposed to be the property of S. J. McKissack, and the sheriff returned said writ, bond and affidavit to the circuit court of Henry county at the spring term 1893 thereof. At the said term of said court, and before the petitioners, or either of them had any notice of the levy of said writ of attachment, the plaintiffs in attachment obtained leave from the court to amend, and did amend, the said bond, affidavit and writ of attach-

[*Ex parte*. McKissack *et al.*]

ment by adding in each wherever the name of S. J. Kissack occurred, and immediately after said name, the words, ''and R. L. McKissack, doing business under the name of S J. McKissack;'' making the affidavit read ''that S. J. McKissack and R. L. McKissack, doing business under the name of S. J. McKissack, had fraudulently disposed of their property; ''making the bond payable to ''S. J. McKissack and R. L. McKissack, doing business under the name of S. J. McKissack;'' and causing the writ of attachment to be directed against the estate of ''S. J. McKissack and R. L. McKissack, doing business under the name of S..J. McKissack.''    These amendments were made without the knowledge, consent or ratification of the sureties on said attachment bond.    The petition then averred that the petitioners, at the spring term 1895 of said court made a motion to dismiss said attachment unless the plaintiffs in said attachment would give or substitute a sufficient bond therein; and that, on the hearing of said motion, notwithstanding the plaintiffs in attachment appeared and admitted the allegations of said motion to be true, overruled said motion.

On these facts, the prayer of the petition is that the Supreme Court will grant a writ of *mandamus*, directed to the judge of said circuit court, commanding him to to annul, set aside and declare void the judgment of said court overruling and refusing petitioners' motion to dismiss said attachment, unless the plaintiffs in said suit would give or substitute a sufficient bond, and further commanding him to grant said motion.

T. M. Espy, for the petitioner.—It was unquestionably the duty of the court to give petitioners protection by requiring Weitz, Beidler & Co. to give a bond or dismiss their case out of court, Code section 2998.

That mandamus is the proper remedy. *See—Ex Parte Dunlap*, 71 Ala, 73; *Ex Parte Barnes*, 84 Ala. 540; *Ex Parte Henderson*, 84 Ala. 36; *Ex Parte Harrison*, 75 Ala. 543.

A. E. Pace, for the Respondent.—Petitioners have a full, complete and adequate remedy by appeal, Code 1886 section 3615.    In no event will the writ issue or be awarded when full and adequate relief can be had by

appeal, writ of error or otherwise.—*State v. Williams,* 69 Ala. 511; *Ex parte S. & N. Railroad,* 65 Ala. 599—*Ib.* 44 Ala. 654—*Ex parte Redd,* 73 Ala, 548. Will not issue to re-examine or correct error in judgment or decree already rendered.—*State v. Williams, supra.* There must be a clear legal right and no other legal remedy to enforce it.—*Ex parte S. & N. Railroad Company supra. Ex parte Garland,* 42 Ala. 559—*Chisholm v. McGhee,* 41 Ala. 192. Mandamus will issue to compel a judicial officer to act, when it is his duty to act, and he refuses, but not to direct him how to act.—*Ramaghano v. Crook,* 85 Ala. 226; *State v. Williams, supra—Ex parte Redd supra—Ex parte Putnam,* 20 Ala. 592. Entertainment of motion to quash or disolve attachment for irregularites in the proceedings is within the discretion of the court, and a refusal by the court to entertain it will not be controlled by mandamus. Drake on Attach. section 420—*Ex parte Putnam,* 20 Ala. 592—*Ex parte Small,* 25 Ala. 74.—nor will the decision of the court overruling such a motion be so revised. Drake on Attach. *supra.* Motion to quash attachment, because of defects apparent on its face, or for the want, or because of the insufficiency of the affidavit or the bond, if made within the time allowed for pleading in abatement, is addressed to the sound discretion of the court, and may be entertained or refused, and the defendant put to a plea in abatement. *Busbin v. Ware,* 69 Ala. 279, 3 Brick. p. 57, section 67.

PER CURIAM.—If the bond for the attachment had become insufficient by reason of the matters stated in the motion to dismiss the suit, it rested within the sound discretion of the circuit court to entertain the motion to dismiss, or to refuse it, putting the defendants to a plea in abatement, if they would avail themselves of the insufficiency of the bond. The exercise of the discretion cannot be controlled by mandamus. 2 Brick. Dig., 241, §§ 21, 22. If a plea in abatement had been resorted to, and the plea pronounced insufficient, the judgment of the court would be capable of revision on appeal. When full relief can be had by appeal, that remedy must be pursued. Mandamus lies only where there is a specific legal right, and there is no other specific legal remedy adequate to its enforcement. *Ex parte S. & N. Ala. R. R. Co.* 65 Ala. 599.

The application for mandamus must be overruled.