(103 So. 558)

### Ex parte JACKSON. (8 Div. 676.)

(Supreme Court of Alabama. March 19, 1925.)

**1. Mandamus ⚙4(1)—Writ not granted for mere purpose of review.**

Mandamus will not be granted for mere purpose of review.

**2. Mandamus ⚙1—Writ employed to prevent failure of justice or irreparable injury, when clear legal right and no other adequate remedy.**

Writ is employed to prevent failure of justice or irreparable injury, when there is clear legal right and no other adequate remedy.

**3. Mandamus ⚙10—Relator must show clear legal right to demand performance of specific duty.**

To obtain writ, relator must show clear legal right to demand performance of specific duty and imperative duty of respondent to perform act required.

**4. Mandamus ⚙162, 163, 164(1)—Respondent may question legal sufficiency of petition or aver specific compliance.**

In proceeding for alternative writ, respondent may comply or question legal sufficiency of petition, or, by demurrer or motion to quash, question it by plea or answer, and, on electing to comply, may answer by averment of specific compliance following the mandatory clause of the writ and stating his performance of the duty as by the writ commanded.

**5. Mandamus ⚙159—Writ must be in alternative.**

Writ must be in alternative, so that due return may be made or appropriate pleading challenge its sufficiency, which is necessary to due regard of inferior tribunal's right to discharge legal duty and avoidance of costs, and pertinent to orderly procedure and right determination of controverted matter and imposition of costs, when answer is that of compliance with prayer of petition.

**6. Husband and wife ⚙295—Circuit court and judge have original jurisdiction to fix alimony and attorneys' fees pendente lite.**

Circuit court and judge thereof have original jurisdiction to render decree fixing alimony and attorneys' fees pendente lite in wife's suit therefor.

**7. Judgment ⚙559—Prosecution for abandonment and desertion in domestic relations court and decree for support money no bar to proceedings for alimony and attorneys' fees in equity court.**

Prosecution for abandonment and desertion of wife and children in juvenile or domestic relations court and decree therein for support money are no bar to proceeding for alimony and attorneys' fees in court of equity, under Code 1907, § 3803, though they be allowances pendente lite.

**8. Judgment ⚙648—Judgment of domestic relations court for support money in prosecution for abandonment not res adjudicata in action for alimony and attorneys' fees.**

Judgment of juvenile or domestic relations court awarding support money in prosecution for abandonment and desertion of wife and children *held* not res adjudicata in wife's action in equity court for alimony and attorneys' fees.

**9. Husband and wife ⚙289—Husband's domicile that of wife for purpose of jurisdiction of suit for alimony and attorneys' fees.**

Domicile of husband is that of wife for purposes of jurisdiction of wife's suit for alimony and attorneys' fees.

**10. Equity ⚙409—Register's finding of facts adduced on oral examination of witnesses has effect of jury verdict.**

Register's finding of facts adduced on oral examination of witnesses has effect of jury verdict, and any reasonable doubt as to its correctness will be resolved in its favor.

**11. Evidence ⚙43(2) — Judicial knowledge taken in mandamus proceedings of certified and original record in cause on prior appeal.**

On petition for mandamus to require annulment of decree fixing alimony pendente lite in wife's suit for alimony, etc., Supreme Court takes judicial notice of certified and original record in cause on prior appeal.

**12. Husband and wife ⚙295—Circuit court's allowance of alimony pendente lite held in lieu of temporary allowance by judge of domestic relations court in prosecution for abandonment.**

Circuit court's allowance of alimony pendente lite in wife's suit for alimony, etc., after decree awarding support money in prosecution of husband for abandonment and desertion in court of domestic relations, is in lieu of temporary allowance by probate judge as ex officio judge of latter court.

Petition of L. L. Jackson for mandamus to Hon. Charles P. Almon, as Judge of the Eleventh Judicial Circuit, requiring the annulment of a decree confirming report of the register fixing alimony pendente lite in a cause by Kate Furr Jackson against L. L. Jackson. Writ denied.

Travis Williams and William L. Chenault, both of Russellville, for petitioner.

The juvenile court having provided for alimony pendente lite, temporary support may not be otherwise allowed. Bulke v. Bulke, 173 Ala. 138, 55 So. 490. Counsel discuss other questions, but without citing additional authorities.

Key & Key, of Russellville, for respondent.

The writ is not in the alternative, and should be quashed. Rickerson v. Rickerson, 203 Ala. 203, 82 So. 453; Ex parte Jones, 168 Ala. 184, 53 So. 261; Ex parte Jones, 172 Ala.

---

⚙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

186, 55 So. 491; 18 R. C. L. 122. The circuit court had jurisdiction to render decree fixing alimony. Hinds v. Hinds, 80 Ala. 225; Murray v. Murray, 84 Ala. 363, 4 So. 239; Brindley v. Brindley, 115 Ala. 474, 22 So. 448; Rast v. Rast, 113 Ala. 319, 21 So. 34. The action of the juvenile court was no bar to the proceeding for alimony. Carlisle v. Killebrew, 89 Ala. 329, 6 So. 756, 6 L. R. A. 617; 4 Mayfield's Dig. 728; Gilbreath v. Jones, 66 Ala. 132; McCall v. Jones, 72 Ala. 371; Yancey v. Denham, 211 Ala. 138, 99 So. 851. The domicile of the husband is the domicile of the wife. Harrison v. Harrison, 20 Ala. 629, 56 Am. Dec. 227; Strouse v. Leipf, 101 Ala. 433, 14 So. 667, 23 L. R. A. 622, 46 Am. St. Rep. 122; Mueller v. Mueller, 127 Ala. 361, 28 So. 465.

THOMAS, J. The petition is for mandamus directed to the judge of the Eleventh judicial circuit. The controversy was first sought to be presented to this court by appeal from an interlocutory decree allowing alimony and counsel fees pendente lite. Jackson v. Jackson, 211 Ala. 277, 100 So. 332.

The attorneys for the petitioner say:

"The undersigned attorneys most respectfully refer the court to the briefs on file in this cause when the same was before the court on appeal as Eighth Division, No. 624, L. L. Jackson, Appellant, v. Kate Furr Jackson, Appellee. In the petition for mandamus the transcript in said cause is incorporated and made a part of the petition. The transcript of the entire proceedings being in the Supreme Court and especially referred to and incorporated in the petition, the authentic record will be before the court." Citing Brady v. Brady, 144 Ala. 414, 39 So. 237.

This is also the effect of averments contained in the petition for mandamus. It is further averred in the petition that the circuit court "was without jurisdiction to render" the decree; that the "jurisdiction of the juvenile court was original and exclusive, and therefore a bar to the recovery in the equity court."

The respondent moves the court to quash the proceedings against him, and demurs thereto on grounds that the writ is not in the alternative, giving the right of compliance with the "demands in the petition at any time before the return day thereof"—to either "vacate his order, or to appear and show cause why it should not be vacated"; that he is not in "default in this cause" until he has been invoked or given "the opportunity to vacate his order allowing alimony"; and he is not shown to have "refused to do what the petition asks" this court to "make this respondent do."

[1, 2] It has been declared in this jurisdiction that mandamus will not be granted for the mere purpose of a review. Southern Ry. Co. v. Walker, 132 Ala. 62, 31 So. 487;

Ingram v. Alabama Power Co., 201 Ala. 13, 75 So. 304; Johnson v. Westinghouse, etc., Co., 209 Ala. 672, 96 So. 884; Ex parte Seals Piano Co., 190 Ala. 641, 67 So. 240; Ex parte Smith, 168 Ala. 179, 52 So. 895; Ex parte McKissack, 107 Ala. 493, 18 So. 140; Ex parte Hayes, 92 Ala. 120, 9 So. 156; State ex rel. Pinney v. Williams, 69 Ala. 311; Ex parte S. & N. A. R. Co., 65 Ala. 599; Ex parte Grant & O'Barr, 53 Ala. 16; Ex parte Garlington, 26 Ala. 170; Ex parte Rowland, 26 Ala. 133; Ex parte Small, 25 Ala. 74; Ex parte Elston, 25. Ala. 72; State v. Bowen, 6 Ala. 511. See Wilson v. Duncan, 114 Ala. 659, 21 So. 1017; Ex parte Garland, 42 Ala. 559. Early authorities to the effect that the writ is employed to prevent a failure of justice, or irreparable injury, when there is a clear legal right and an absence of any other adequate remedy, are Ex parte Lawrence, 34 Ala. 446; In re State ex rel. Nabor's Heirs, 7 Ala. 459; Ex parte Jones, 1 Ala. 15. This is the present rule. Ingram v. Alabama Power Co., 201 Ala. 13, 75 So. 304; Goodwin, Judge, v. McConnell, 187 Ala. 431, 65 So. 788; Ex parte Bradshaw, 174 Ala. 243, 250, 57 So. 16; Ex parte Watters, 180 Ala. 523, 61 So. 904; First Nat. Bank v. Cheney, 120 Ala. 117, 23 So. 733; Ex parte Morgan, 30 Ala. 51; Ex parte Robbins, 29 Ala. 71; Ex parte Cole, 28 Ala. 50; Ex parte Barnes, 84 Ala. 540, 4 So. 769; Ex parte Haralson & Co., 5 Ala. 543; Ex parte King, 27 Ala. 387; Etheridge v. Hall, 7 Port. 47. Illustrations of the rule are Reynolds v. Crook, 95 Ala. 570, 11 So. 412, where there was no party who could prosecute the appeal; In re State ex rel. Nabor's Heirs, 7 Ala. 459, the action was erroneously abated; Johnson v. Glasscock, 2 Ala. 519, refusal of inferior court to proceed according to superior mandate; Ex parte King, 27 Ala. 387, a case of peculiar and pressing necessity for alimony pendente lite. In each of these cases mandamus was held the remedy.

[3, 4] In a case where mandamus lies, the general rule is that—

"In order to entitle a party to the writ of mandamus he must show that he has a clear legal right to demand the performance of a specific duty. In other words, it is essential that the relator have a clear legal right to the thing demanded, and it must be the imperative duty of the respondent to perform the act required. 19 Am. & Eng. Ency. Law (2d Ed.), p. 725, and note 4." Minchener v. Carroll, Treasurer, 135 Ala. 409, 413, 33 So. 168, 169; Armstrong v. O'Neal, Governor, 176 Ala. 611, 58 So. 268.

It is further declared in this jurisdiction that in a proceeding for the alternative writ of mandamus a respondent may comply or question the sufficiency in law of the petition, or, by demurrer or motion to quash, question the same by plea or answer. When he elects to comply he may answer excusing

by the averment of a specific compliance "following the mandatory clause of the writ, and stating his performance of the duty as by the writ commanded." State ex rel. Pinney v. Williams, 69 Ala. 311; Knight v. Farrell & Reynolds, 113 Ala. 258, 20 So. 974.

[5] The nature of and proceedings incident to such petition in the English and American courts are discussed, and the requirements that must precede a judgment for costs—the issue of necessary notice and a reasonable opportunity for a return to be made to the rule—are indicated by Judge Walker in Ex parte Garland, 42 Ala. 559, 563. See, also, Ex parte Dowe, 54 Ala. 258. In Ex parte Holding, 56 Ala. 458, Mr. Justice Stone cites 42 Ala. 563, as declaring the rule; so also did Mr. Justice Brickell in Ex parte Tower Mfg. Co., 103 Ala. 415, 417, 15 So. 836. In State ex rel. Nabor's Heirs, 7 Ala. 459, an alternative mandamus was issued. An orderly administration in the premises demands that the writ be in the alternative in order that due return may be made or appropriate pleading challenge the sufficiency of the same. This is necessary to a due regard of the right of the inferior tribunal to discharge the legal duty in the premises and the avoidance of the imposition of costs, and is pertinent to an orderly procedure and right determination of the controverted matter and the imposition of costs, when the answer is that of a compliance with the prayer of the petition for mandamus.

In Ex parte Tower Mfg. Co., 103 Ala. 415, 15 So. 836, and Brady v. Brady, 144 Ala. 414, 39 So. 237, there was no formal petition for mandamus stating the facts upon which relief was asked, but merely a motion therefor spread upon the motion docket in cause pending on appeal; held sufficient, the authentic transcript of the record of the proceedings being before the court in the same case on appeal.

Rule 36 of Supreme Court Practice was first carried into the Code of 1865, and was of force when the decision in Ex parte Tower Mfg. Co., 103 Ala. 415, 15 So. 836, was rendered in 1893. If the rule be taken to apply to independent and original petitions for mandamus, it was not necessary of consideration in the cases of Brady v. Brady, supra, and Ex parte Tower Mfg. Co., supra. This we believe to be the effect of the rule. See, however, the case of Aust v. Sumter Farm & Stock Co., 209 Ala. 669, 96 So. 872. In this case we may not again consider the last-cited decision for the reason that we have a formal petition for mandamus looking to the authentic transcript of the record and proceedings in this court for the issues of fact and evidence thereunder, which will now be considered.

The respective insistences under such pleadings and evidence, and the respective arguments of counsel, invoke a decision of (1) whether the respondent judge had the jurisdictions, presiding in the circuit court, to render the decree fixing alimony and attorneys' fees; (2) whether the prosecution for abandonment of wife and children in the juvenile or domestic relations court (alternative allowance there made in lieu of punishment imposed) is a bar to the filing of bill and prosecution to the decree for alimony and attorneys' fees; and, lastly, the inquiry is made whether the venue of such action by complainant was in the county of the domicile of the husband.

[6] The respondent, as such judge, and the circuit court had original jurisdiction to render the decree fixing the alimony and attorneys' fees in question. Sellers v. Sellers (Ala. Sup.) 102 So. 442;[1] Rearden v. Rearden, 210 Ala. 129, 97 So. 138; Brindley v. Brindley, 115 Ala. 474, 22 So. 448; s. c., 121 Ala. 431, 25 So. 751; Ex parte Eubank, 206 Ala. 8, 89 So. 656; Rickerson v. Rickerson, 203 Ala. 203, 82 So. 453; Johnson v. Johnson, 190 Ala. 527, 67 So. 400; Coleman v. Coleman, 198 Ala. 225, 73 So. 473; Rast v. Rast, 113 Ala. 319, 21 So. 34; Murray v. Murray, 84 Ala. 363, 4 So. 239; Hinds v. Hinds, pro ami., 80 Ala. 225; Glover v. Glover, 16 Ala. 440; 2 Schouler on Domestic Rel. (6th Ed.) § 1321.

[7-9] The prosecution for "abandonment and desertion" in the juvenile or domestic relations court for the support of the wife and children and decree for $25 per month is no bar to the proceeding for alimony and attorneys' fees, though they be allowances pendente lite. The statutory jurisdiction conferred on the juvenile or domestic relations court does not deprive a court of equity of its original jurisdiction in the premises. Code 1907, § 3803; Coleman v. Coleman, 198 Ala. 225, 73 So. 473; Ortman v. Ortman, 203 Ala. 167, 82 So. 417; Ex parte State ex rel. Boyette, 211 Ala. 129, 99 So. 853. See Yarbrough v. Yarbrough, 200 Ala. 184, 75 So. 932; McDaniel v. Youngblood, 201 Ala. 260, 77 So. 674. The prosecution of defendant in domestic relations court for abandonment of wife and children and the punishment imposed and alternate temporary provision made for the wife and children of $25 per month did not oust the original jurisdiction of the chancery court or court of equity imposed by statute to be exercised according to the facts on final submission of this cause. The decree of the judge of probate was of necessity temporary and limited to the time embraced by provisions of law for a fine of "$100 and a sentence of six months at hard labor for the county"; and the case was expressly "held in abeyance before the [that] court for further orders conditioned upon the faithful performance of the terms and conditions" of said decree. When the cause is finally determined in the equity court, said former decree will no doubt be modified on compliance with the decree in this case. The judgment of the juvenile or domestic

[1] Ante, p. 290.

relations court was not res judicata in this action. This question was reserved in Sellers v. Sellers (Ala. Sup.) 102 So. 442.[1] The identity of subject-matter was not such that the issues on the former allowance and suit were not broad enough to cover the issues in the case at bar. Terrell v. Nelson, 199 Ala. 436, 74 So. 929; Yancey v. Denham, 211 Ala. 138, 99 So. 851. And in the last place it should be said that the domicile of the husband was that of the wife for the purposes of jurisdiction in the premises. Strouse v. Leipf, 101 Ala. 433, 14 So. 667, 23 L. R. A. 622, 46 Am. St. Rep. 122, an action for personal injury; Mueller v. Mueller, 127 Ala. 361, 28 So. 465, a marriage contract; Harrison v. Harrison & Saunders, 20 Ala. 629, 56 Am. Dec. 227, an action for debt; Coleman v. Coleman, 198 Ala. 225, 73 So. 473, divorce and alimony.

[10] The finding of the register of the facts adduced on oral examination of the witnesses has the effect of a jury's verdict. Bidwell v. Johnson, 195 Ala. 547, 70 So. 685. And, if there is a reasonable doubt as to whether it is correct, the same will be resolved in favor of the finding, and it will not be disturbed. Mabry v. Ray, 208 Ala. 615, 95 So. 6; Grand Bay Land Co. v. Simpson, 207 Ala. 303, 92 So. 789; Porter v. Henderson, 204 Ala. 564, 86 So. 531; Clifford v. Montgomery, 202 Ala. 609, 81 So. 551; A., T., & N. Ry. Co. v. Aliceville Lbr. Co., 199 Ala. 391, 409, 74 So. 441; Andrews v. Grey, 199 Ala. 152, 74 So. 62.

[11, 12] We take judicial knowledge of the certified and original record in this cause on appeal, and have refreshed our recollections by reference thereto, as invoked so to do by petitioner and his counsel. Brady v. Brady, 144 Ala. 414, 419, 39 So. 237. We are of opinion that the allowance now made was not excessive. Ortman v. Ortman, 203 Ala. 167, 170, 82 So. 417; Thomas v. Thomas, 211 Ala. 504, 100 So. 766. The allowance in the circuit court in the nature of the case is in lieu of the temporary allowance made by the probate judge and ex officio judge of the court of domestic relations.

The writ is denied.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

