(114 So. 57)

**ATTORNEY GENERAL ex rel. ST. CLAIR SPRINGS HOTEL CO. v. STEELE, Judge.**

(7 Div. 681.)

Supreme Court of Alabama.   June 30, 1927.

Rehearing Denied Oct. 27, 1927.

I. Mandamus ⬉4(1)—Entry or failure to enter decree in accordance with Supreme Court's mandate held not order or judgment supporting appeal.

As respects right to mandamus, action or failure thereof by trial court to enter decree in conformity with mandate of Supreme Court on reversal and remandment of case *held* not an order or judgment that will support an appeal.

2. Mandamus ⬉58—Mandamus is proper to compel entry of decree according to Supreme Court's mandate on remanding case.

Mandamus is proper remedy to compel entry of decree in conformity with former order and decision of Supreme Court on reversing and remanding case.

3. Mandamus ⬉58—Where reversal and remand of decree in suit to quiet title permitted court to ascertain interest to be quieted, mandamus to compel entry of decree according to Supreme Court's mandate was·properly denied.

On reversal and remand of decree in suit to quiet title, trial court was afforded opportunity to ascertain extent of interest conveyed, where Supreme Court pointed out in opinion that deed under which defendants claim purported to convey three-fourths undivided interest, and mandamus to coerce decree in conformity to mandate will be denied.

Original petition of the Attorney General, on the relation of the St. Clair Springs Hotel Company, for mandamus, to Hon. O. A. Steele, as Judge of the Circuit Court of St. Clair County. Writ denied.

J. P. Mudd and L. D. Gardner, Jr., both of Birmingham, for petitioner.

Writ of mandamus lies to compel the entry of a judgment or decree in obedience to the mandate of a higher court. 38 C. J. 635; In re Potts, 166 U. S. 263, 17 S. Ct. 520, 41 L. Ed. 994; Wells v. Littlefield, 62 Tex. 28. Where, upon appeal, the appellate court dis-

─────────────────────────────────────

poses of all the issues and finally decides the case and reverses and remands the same, the lower court cannot grant a new trial, but must enter judgment in conformity with the opinion of the appellate court. Kinney v. White, 215 Ala. 247, 110 So. 394; Cramer v. Singer Mfg. Co. (C. C. A.) 147 F. 917; Smith v. Zent, 77 Ind. 474; People v. Lord, 315 Ill. 603, 146 N. E. 506; Deason & Keith v. Rock, 149 Ark. 401, 232 S. W. 583; Brock v. Clio Banking Co., 207 Ala. 404, 92 So. 805.

O. A. Steele, of Oneonta, for respondent.

Brief did not reach the Reporter.

THOMAS, J. The original opinion is reported as St. Clair Springs Hotel Co. v. Bolcomb, 215 Ala. 12, 108 So. 858.

[1] The case made by the petition is that upon reversal and remandment respondent failed, upon request, to enter a decree in conformity' with the mandate of this court, as petitioner understood it. Such action or the failure thereof was not an order or judgment that will support an appeal. Ex parte Jackson, 212 Ala. 496, 103 So. 558.

[2] The general authorities support the contention that mandamus is the remedy in a proper case to compel the entry of a decree in conformity with the former order and decision of this court. In the case of Marshall Wells v. Littlefield, 62 Tex. 28, it is said:

"The following authorities, among many others, fully sustain the views herein announced, and warrant our action in issuing the present mandamus: Johnson v. Glasscock, 2 Ala. 522; Veeder v. Collins, 5 Wis. 339; Ex parte Milwaukee R. R. Co., 5 Wall. 825 [18 L. Ed. 680]; People v. Bacon, 18 Mich. 247; Sibbald v. United States, 12 Pet. 491 [9 L. Ed. 1167]; Lovelace v. Taylor, 6 Rob. (La.) 92; McGregor v. Buell, 1 Keyes [*40 N. Y.] 151 [153]; Hurck v. Erskine, 50 Mo. 118.

"We may add that we cheerfully acquit the distinguished district judge to whom the mandamus was directed of any intentional disobedience to the mandate of this court. His well known high character and enviable reputation are sufficient without reference to the statements contained in his return to assure us that he has failed to enter our orders as directed, solely from a misunderstanding of their scope and extent."

In re Potts, 166 U. S. 263, 17 S. Ct. 520, 41 L. Ed. 994, 996, it is said:

"When the merits of a case have been once decided by this court on appeal, the circuit court has no authority, without express leave of this court, to grant a new trial, a rehearing, or a review, or to permit new defenses on the merits to be introduced by amendment of the answer."

The case of Johnson v. Glasscock, 2 Ala. 519, 522, is cited by the Chief Justice of Texas, and is to the effect that:

"The authorities cited on behalf of the motion are conclusive, that in such a case as the petition discloses the writ of mandamus must be allowed, if the refusal is persisted in. It is not usual, however, to issue the writ in the first instance on ex parte statements; the person supposed to be in default, is generally required to show cause why the writ of mandamus should not issue; and it is only when no sufficient cause is shown, that the writ follows the rule as a matter of course."

This case was cited with approval in Allen v. Pugh, 206 Ala. 10, 89 So. 470; Ex parte Jackson, 212 Ala. 496, 103 So. 558.

A bill in equity was filed by W. W. Balcomb et al., in which George W. Wilcox, Olen D. McClendon, and St. Clair Springs Hotel Company were joined as parties respondent. Its purpose was to quiet title to certain 'land which complainants claimed as remaindermen. Respondent St. Clair Springs Hotel Company filed a cross-bill joining complainants and the corespondents as parties respondent. The cause was heard and proceeded to a final hearing, the testimony was taken, a decree was rendered dismissing the complainant's bill and respondent St. Clair Springs Hotel Company's cross-bill, and granting relief to respondents Wilcox and McClendon. Appeals were taken to ·this court by St. Clair Springs Hotel Company, as respondent .and cross-complainant, and by Balcomb and Collins, as original complainants and cross-respondents. In a consideration of said appeals this court rendered its opinion affirming the decree of the lower court, dismissing the original bill filed by Balcomb and Collins, and reversed and remanded the appeal taken by St. Clair Springs Hotel Company, holding that the Hotel Company was entitled to relief upon its cross-bill to the extent of its interest in the lands in question, and that the decree granting relief to Wilcox and McClendon was erroneous. An application for rehearing was overruled. It is recited in the petition that thereafter petitioner, St. Clair Springs Hotel Company, moved the circuit court of said county and the honorable judge thereof to enter a decree in conformity with the opinion rendered by the Supreme Court, which motion was duly presented to the said judge, and it is averred that in connection with said motion petitioner presented a decree, which decree would deny relief to Balcomb et al., the original complainants, and to Wilcox and McClendon, and would grant relief to said petitioner, and the same was declined and refused to be entered, or any decree, in conformity with the opinion of this court. Thereupon petitioner sought this writ of mandamus.

[3] Petitioner's counsel admit that equity cases are dependent upon their own facts. And in the instant matter the opinion pointed out the fact that the deed from J. J. England to E. C. Thomason only purported to convey a "three-fourths undivided interest" in certain of the lands in question. The re-

versal and remandment of the cause afforded the opportunity to the trial court to ascertain the extent of said interest so conveyed, and not to render judgment in excess thereof.

The peremptory writ is denied.

All the Justices concur.