## LYONS v. LONG.

**1.** A suit should not be dismissed for the omission of the plaintiff to give security for the costs, pursuant to a notice, if the plaintiff gives sufficient security at the next term of the court.

ERROR to the County Court of Talladega.

At the trial term of the cause, it was dismissed by the court, because security had not been given for costs, the plaintiff objecting, that no notice had been given, and that he was then ready to give the security. The only evidence that notice had been given, that security for the costs was demanded, was an entry on the docket of the Judge at the previous term, as follows: "Plaintiff required to give security in sixty days, or cause abates. This the court considered sufficient, and dismissed the cause.

This is now assigned for error.

BOWDON, for plaintiff in error, cited Clay's Dig. 316, § 29; 2 Stewart, 470; 7 Porter, 448.

L. E. PARSONS, *contra.*

ORMOND, J.—We do not think it necessary to enter on the consideration of the question, whether as the memorandum found upon the docket of the Judge did not state that the plaintiff was shown to be a non-resident, the court had power to dismiss the cause; because we are satisfied, that upon a just construction of the statute, the security offered at the trial should have been received.

The object of the Legislature was, doubtless, to secure our own citizens, and the officers of court against the prosecution of groundless or doubtful claims by, or in the name of persons living beyond the limits of the State. If, then, this object is attained by security being given at or before the trial term of the cause, there can be no reason for dismissing the suit. The object of the legislature in requiring the costs to be secured within sixty days

after notice, was in all probability, to prevent surprise at the trial. It would always be in the power of the court to prevent any injury to the defendant, if he had failed to prepare for the trial by continuing the cause. A similar decision was made by the Virginia court of appeals, in the case of Vance v. Bird, [4 Munford, 364] upon a statute like ours.

Let the judgment be reversed, and the cause remanded.