## BRITT v. BURK.

1. A memorandum made by the defendant after the adjournment of the Court, upon the papers of a cause which had been dismissed, consenting to reinstate it, cannot be regarded as a part of the record, and will not bar a writ of error, or prevent the revising Court from correcting the erroneous dismissal

Writ of error to the Circuit Court of Benton.

S. F. RICE, for the plaintiff in error.

T. A. WALKER, for the defendant in error.

COLLIER, C. J.—The question presented upon the bill of exceptions is this—if an order is made requiring a non-resident plaintiff to give security for costs, "on or before the first day of the next term of the Court," is it competent for the plaintiff to give security at the calling of the cause, after the first day of the term. The Judge of the Circuit Court decided this question against the plaintiff, and dismissed his suit. We laid down the law otherwise, in Lyon v. Long, 6 Ala. Rep. 103; and upon the authority of that case the decision is erroneous.

But the defendant insists that the plaintiff should not be allowed to avail himself of the error; because he admitted it, and consented to a reinstatement of the cause on the docket of the Circuit Court. In the transcript there is a memorandum dated after the adjournment of the Court, and signed by the counsel for the plaintiff below, in which it is admitted that the cause was improperly dismissed, and consenting that it might be placed upon the docket again. We cannot regard this a part of the record, and without considering what would be its effect, if we could, the judgment must be reversed and the cause remanded.