### CLAIBORNE v. HARRIS AND ANOTHER.

1. Quere? Are not the acts of 1807 and 1811, which authorize a defendant to require a non-resident plaintiff to give security for costs, to be construed *in pari materia*, as parts of an entire system, and is not the same notice necessary to be given under the latter as under the former enactment?

2. A note made by the judge on his docket, stating the plaintiff was shown to be a non-resident, and that he give security for the costs before the next term, or the cause be dismissed, is merely directory to the clerk, and from it he may complete his minutes; yet it is not in itself a notice to the defendant of the requisition for security. But if the entry is perfected by being transferred to the minutes of the court in proper form, it is a sufficient compliance with the statute.

Writ of Error to the County Court of Benton.

THIS was an action of assumpsit at the suit of the plaintiff in error. From a bill of exceptions certified to this court, it appears, that when this cause was called for trial; at the July term, 1846, of the county court, the plaintiff announced himself ready for trial; thereupon the defendants moved the court to dismiss the suit, because no security had been given for costs, and produced the trial docket for January term last preceding, on which was entered opposite the names of the parties, in the hand-writing of the judge, the following: " Plaintiff shown to be a non-resident, security for costs before the next term of this court, or cause dismissed." This order was never transferred to the minutes of the court, and no other notice being proved, the court required the plain-

tiff's attorney to give security for the costs, which he refused to do. Thereupon the court dismissed the suit, and judgment was so entered. To all which the plaintiff excepted, &c.

T. A. WALKER, for the plaintiff in error, insisted, that the note on the judge's docket was no notice to the plaintiff— perhaps it was a sufficient warrant for an entry *nunc pro tunc*, but when this was made, the plaintiff's suit could not have been dismissed, until after the expiration of the time prescribed by the statute; and then only upon the failure of the plaintiff to comply.

S. F. RICE, for defendants. The order upon the judge's docket was sufficient, though it never was transferred to the minutes of the court. It must be presumed, that the plaintiff was aware of it, as a party in legal contemplation is always in court, and is charged with a knowledge of what transpires in a cause. He did not pretend ignorance of the order, and the statute does not prescribe any particular form of notice. [Clay's Dig. 316, § 26; 6 Ala. Rep. 103.]

COLLIER, C. J.—The ninth section of the act of 1807, entitled "an act establishing the fees of the several officers therein named, and for other purposes," enacts that every action at common law, &c. commenced in the name of any person residing out of this State, shall be dismissed if security be not given with the clerk of the court from whence the process shall issue, or wherein it shall be depending, within sixty days after the notice shall, at any time during such non-residence have been given to the plaintiff, or his attorney that security is required, for the payment of the costs that may be awarded to the defendant, or may become due to the officers of the court. [Clay's Dig. 316, § 26.] And the ninth section of a statute of the same date, entitled "an act regulating the mode of summoning juries, and for other purposes," provides, that when process shall issue by the direction of an attorney, from any of the courts of this State, in favor of a non-resident against a person residing within the same, the person suing out such process, or prosecuting the

suit, at the return thereof, or any time thereafter when required, shall upon motion, be ruled to give security for all costs accruing in such action, &c.; and if the attorney, upon being required, shall fail to give security, the suit shall be dismissed, and the execution shall issue against him for all costs. [Clay's Dig. 317, § 27.]

The act of 1811, provides, if a plaintiff shall remove out of this State, after the commencement of his suit, he may be required to give security for costs, &c. [Clay's Dig. 317, § 28.]

We incline to the opinion that these several enactments are to be considered *in pari materia*, as parts of an entire system; and though the second does not *in totidem verbis* prescribe any definite period, which shall intervene between the requisition of security and the dismissal of the suit, in the event of non-compliance, yet we think the notice provided by the first will regulate a proceeding under it. But it is not necessary to consider this question in the case before us, because it does not appear the process was directed to issue by an attorney, or that the plaintiff was not a resident when the suit was commenced; either of which would furnish an answer to an attempt to charge the attorney with the costs.

The question then is, can the note made by the judge on his docket, be regarded as a notice within the meaning of the section first cited. This provision points out no particular mode in which the defendant shall give notice to the plaintiff, or his attorney, of the requisition for security; but we entertain no doubt that it must be positive, or in such form that knowledge in point of fact may be implied. An entry upon the minutes of the proceedings of the court has in practice been considered as sufficient, upon the ground that a party is in law presumed to be cognizant of the action of the court upon his case, from the commencement to its termination. But in the absence of express notice, such presumption is indulged only where the proceedings are evidenced by being placed upon the record. The *memoranda* which the judge writes upon his docket, is merely directory to the clerk, from which he is to make up and complete his minutes; and where sufficiently full to be intelligible, authorizes an entry

82

at a subsequent term *nunc pro tunc*. But in itself it cannot be regarded as a record, so as to charge parties with knowledge of what may there appear. The case of Lyons v. Long, 6 Ala. Rep. 103, contains nothing adverse to this view. What we have said sufficiently indicates the error of the ruling of the county court—its judgment is consequently reversed and the cause remanded.