## WHITAKER v. SANFORD, ET AL.

1. It is error to dismiss a cause because security has not been given for the costs, pursuant to an order of the court, if the party is able, and willing to give the security, when the cause is called for trial.

Error to the Circuit Court of Autauga.    Before the Hon. J. D. Phelan.

MOTION by the defendant at the spring term, 1847, requiring the plaintiff, who was proved to be a non-resident of this State, to give security for the cost, which motion, upon sufficient showing to the circuit court was granted, and it was ordered by the court, at said term, that unless the plaintiff gave security in sixty days from the time of making the order, the said cause was to stand dismissed.  At the next succeding term, security for the cost not having been given, on motion of the defendant, the cause was dismissed by the court.

It appears from a bill of exceptions, that before the dismissal of the cause, and when it was called for trial, the plaintiff offered to give security for the cost.   The court re-

fused him permission to do so, but dismissed the cause, for the reason that the security had not been given within the time prescribed by the order.

The refusal of the court to permit the security to be given, and the judgment dismissing the cause, are assigned for error.

BELSER and HARRIS, for plaintiff in error.

CHILTON, J.—Several decisions have been made by this court, construing the statute upon which this motion is predicated. Dig. 316, § 26. In Lyons v. Long, 6 Ala. Rep. 103, it was held, that the object of the legislature in requiring security for cost to be given in sixty days, was to prevent surprise at the trial, and that it was allowable to give security *any time at or before the trial.* That if the defendant was taken by surprise, by the plaintiff's giving the security, when the cause was called for trial, the court, upon being certified of the fact, would prevent any prejudice to him by giving him a continuance of the cause. The same point came again before this court in Reese v. Billing, 9 Ala. Rep. 263, where it is held, that an order made at a previous term of the circuit court, setting aside a non-suit, upon condition that the plaintiff should give security for the cost, "by the next term of the court, on the cause dismissed," &c. should be so construed as to permit the party to give the security at the call of the cause for trial.

These cases, which we regard as properly expounding the statute, are decisive of this case.

Let the judgment be reversed, and the cause remanded.