the jury, that, if they believed the evidence, they must find the defendant guilty ; to which the defendant excepted."

ELMORE & YANCEY, for the appellant.

M. A. BALDWIN, Attorney General, *contra*.

## EX PARTE COLE.

[APPLICATION FOR MANDAMUS TO COMPEL DISMISSAL OF ACTION BROUGHT BY NON-RESIDENT WITHOUT GIVING SECURITY FOR COSTS.]

1. *Dismissal on motion of action brought by non-resident without giving security for costs.*—If an action is commenced in the circuit court, by or for the use of a non-resident, and security for the costs is not given previous to the issue of the summons, the defendant may have it dismissed on motion (Code § 2396), although it is brought by plaintiff's wife (§ 2136) after being deserted by him.

2. *Mandamus lies to compel dismissal.*—If the court overrules the defendant's motion to dismiss the action, a *mandamus* will be awarded by the appellate court to compel the dismissal, when no final judgment has been rendered in the cause.

3. *When wife, on desertion by husband, may prosecute or defend actions in his name.* Under section 2136 of the Code, which authorizes "the wife and mother," who has been deserted by her husband, to prosecute or defend, in his name,

any action which he might have prosecuted or defended, it must appear that the wife is also a mother, and the husband a father ; and if the husband is a non-resident at the commencement of the suit, security for the costs must be given before the issue of the summons, as in other cases where the plaintiff is a non-resident.

APPLICATION for a *mandamus* to the circuit court of Bibb county, Hon. Geo. D. Shortridge presiding, to compel the dismissal of a certain suit pending in said court, wherein Cicero D. R. Woodruff is plaintiff, and Jared Cole is defendant. The grounds of the application are stated in a bill of exceptions, which is embodied in a transcript of the proceedings had in said cause at the October term, 1855, and made part of the petition. The bill of exceptions states, that when the cause was peremptorily called for trial, "the defendant moved the court to dismiss the suit, on the ground that the plaintiff was a non-resident of this State at the time of the commencement of the suit. On the hearing of this motion, it was admitted by the plaintiff's attorneys, in open court, that the plaintiff was a non-resident at the time the suit was commenced ; but they suggested to the court that the suit was brought by the plaintiff's wife, under section 2136 of the Code. It was admitted before the court, on behalf of both parties, that the plaintiff had left his wife, in this State, before said suit was brought, and that she still resided in this State. No other evidence than the said suggestion of plaintiff's attorneys was offered, to show that said suit was brought under said section of the Code. The court, being of opinion that the showing was sufficient to authorize the maintenance of the suit without security for the costs being given, and that the statute requiring security for the costs to be given by non-residents did not apply to this case, overruled the motion to dismiss, and the defendant excepted."

· I. W. GARROTT, for the petitioner.

RICE, C. J.—Where an action has been commenced in the circuit court, *by* or *for the use* of a non-resident, and security for the costs has not been endorsed on the complaint, nor lodged with the clerk, previous to the issue of the summons, the defendant has the right to have it dismissed by that court

on motion.—Code, § 2396 ; Ala. & Tenn. R. R. Co. v. Harris, 25 Ala. R. 232.

When that right is withheld by the refusal of that court to dismiss the action, and no final judgment has been rendered in it, this court may, by *mandamus*, compel that court to dismiss the action. In such case, *mandamus* is the only specific legal remedy adequate to enforce that right.—Etheridge v. Hall, 7 Porter's Rep. 47; Jones, *ex parte*, 1 Ala. Rep. 15; Gordon v. Longest, 16 Peter's Rep. 97.

We need not now decide what would be the proper remedy for a denial of that right, where, after its denial, but at the same term and before an application for a *mandamus* could be made to this court, a final judgment in the action was obtained against the defendant. That question is considered and decided in Gordon v. Longest, *supra*.

But it is argued that, although the first paragraph of this opinion contains a correct general exposition of the provisions of section 2396 of the Code, and although the present action was commenced in the name of a non-resident, and no security for the costs has been given ; yet it is exempted by section 2136 of the Code from the operation of the provisions of section 2396, because it was commenced and is prosecuted at the instance of a wife who had been deserted by her husband, in his name ; and although he is a non-resident, she is not, and never was. This argument makes it necessary to consider the provisions of section 2136, which is in the following words :

" When a husband and father has deserted his family, the wife and mother may prosecute or defend, in his name, any action which *he* might have prosecuted or defended, and has *the same powers and rights he* might have had."

It would be a sufficient answer to the argument under consideration, to say that he does not appear to be " a husband *and father*," and that she does not appear to be " the wife *and mother*." But, independent of this, there is another satisfactory answer : Section 2136 does not give her the right to prosecute in his name an action which *he* could not have prosecuted ; nor does it give her greater powers and rights than " *he*" had. We must, then, put her out of view, until we settle the question, whether *he* can prosecute the present action,

under the facts disclosed by the record. *He* was a non-resident when the action was commenced, and no security for the costs was given before the issue of the summons. Upon these facts, the defendant made a motion to dismiss the action ; and section 2396 of the Code declares, that upon such facts and such a motion, the action must be dismissed. We must stand upon the plain words of that section, and hold, that the husband cannot, after such motion and proof, prosecute the action ; and, therefore, that the wife, in his name, cannot prosecute it.

We shall, therefore, order a rule to issue to the presiding judge of the circuit court of Bibb county, to show cause why a *mandamus* should not issue to compel that court to dismiss the action.