# *Ex parte* Jones.

*Application for Mandamus, to compel Dismissal of Suit.*

83 587
120 123

1. *Security for costs by non-resident plaintiff.*—Under the statute approved February 17th, 1885 (Sess. Acts 1884–5, p. 137; Code of 1886, § 2858), the court has a discretionary power to prescribe the time within which security for the costs must be given by a non-resident plaintiff; and an equally discretionary power to extend the time as first prescribed.

Application by petition, verified by affidavit, on the part of DeKalb Jones, for a rule *nisi* to the Circuit Court of Lee county, Hon. J. M. CARMICHAEL presiding, to show cause why a peremptory *mandamus* should not be issued by this court, requiring the dismissal of a suit instituted in said Circuit Court by Wood & Roberts against the petitioner, on account of the failure of the plaintiffs, who were non-residents, to give security for the costs, as prescribed and required by a former order in the cause.

GEO. P. HARRISON, Jr., for the petitioner.

SOMERVILLE, J.—The application is for a rule *nisi* against the judge of the third judicial circuit, to show cause why a *mandamus* should not issue to compel the dismissal of a pending suit for failure of a non-resident plaintiff to give security for costs by the first day of the term.

We do not decide whether the petitioner would, or would not, have an adequate remedy by appeal, taken from the final judgment of the Circuit Court, on exception properly reserved, such as ordinarily precludes a resort to the remedy by *mandamus;* but will concede for the purpose of this case, that the appropriate remedy for revising the action of the Circuit Court is by *mandamus.*

The court had made an order, at the Spring term, 1887, allowing a non-resident plaintiff until the first day of the ensuing Fall term, within which to give security for costs. When this day arrived, the judge, in effect, extended the time, by continuing the cause, against the petitioner's objection, and on the third day of the term, the proper security was given.

This action of the judge was, in our opinion, authorized by the statute, which provides that suits at law, or in equity, commenced by or for the use of a non-resident of this State, must be dismissed, if security for costs, approved by the clerk or register, is not given when the suit is commenced, *"or within such time thereafter as the court may direct."* Code, 1886, § 2858; Acts, 1884-85, p. 137. The time within which the security is to be given, is here made to rest in the sound discretion of the presiding judge. His once fixing the time did not exhaust the exercise of this discretion. He had the same right to extend it, as he did to fix it in the first instance. The purpose of the law is to require good and sufficient security for costs before the commencement of

[Winter v. City Council of Montgcmery.]

the litigation, by which the greater portion of such costs would be incurred; and herein consists the difference between the old statute, as found in the Code of 1876, and the amendatory statute of February 17th, 1884, as found in the new Code of 1886.—Code, 1876, §§ 3149, 3772; Code, 1886, § 2858, and cases cited *in note*.

The application for the rule *nisi* is denied.