THE WISCONSIN CENTRAL RAILROAD COMPANY, Respondent, vs. COMSTOCK, Appellant.

*February 4 — February 28, 1888.*

*(1) Ejectment: Constitutional law: Defendant's defective tax title: Payments by plaintiff, as condition of judgment. (2, 3) Taxation: Railroad lands: Extension of exemption: Equitable title.*

1. Sec. 1, ch. 305, Laws of 1880, provides that in ejectment when the plaintiff is entitled to recover by reason of a defect or insufficiency in any tax deed under which the defendant claims, or in the tax proceedings antecedent thereto, unless the plaintiff shall show that the land was not liable to taxation for the tax for which it was sold, or that the tax was paid prior to the sale, or the land was redeemed from such sale, the court shall order that the amount for which the land was sold, and the cost of executing and recording the tax deed, and the amount paid by the defendant for taxes subsequently assessed, with interest on all such sums at the rate of twenty-five per cent. per annum, shall be set off against the damages awarded to the plaintiff; and if there be any excess, that the plaintiff, as a condition of judgment, shall pay the same within ninety days, and that in default thereof the defendant shall have judgment. *Held:*

(1) The act is constitutional.

(2) A judgment entered for the plaintiff, without the making of such order or payment of the sums required, is erroneous and will be reversed.

2. By sec. 1, ch. 21, Laws of 1877, the time during which the lands in question were exempted from taxation was "*extended* three years." *Held*, that the three years began to run from the termination of the original exemption, and not from the date when the act of 1877 took effect.

3. When lands granted to aid in the construction of a railroad have been fully earned, and the company is entitled to a patent therefor, they are taxable by the state although the patent has not in fact been issued.

APPEAL from the Circuit Court for *Winnebago* County. Ejectment. The case is sufficiently stated in the opinion.

*W. F. Bailey*, for the appellant, to the point that the lands were taxable in 1879, although the patents therefor had not been issued, cited *Wis. Cent. R. Co. v. Price Co.* 64 Wis. 579; *West Wis. R. Co. v. Trempealeau Co.* 35 id. 273; *Van Wyck v. Knevals*, 106 U. S. 360; *Walden v. Knevals*, 114 id. 373; *Price v. Lancaster Co.* 20 Neb. 252; *Kansas P. R. Co. v. Dunmeyer*, 113 U. S. 641; *Gwynne v. Niswanger*, 15 Ohio, 367; *Ross v. Outagamie Co.* 12 Wis. 26, 37; *Wheeler v. Merriman*, 30 Minn. 379; *Witherspoon v. Duncan*, 4 Wall. 210; *Irvine v. Irvine*, 9 Wall. 617; *Grinnell v. Railroad Co.* 103 U. S. 739; *Railway Co. v. Prescott*, 16 Wall. 603; *Railway Co. v. McShane*, 22 id. 444; *White v. B. & M. R. Co.* 5 Neb. 393. Ch. 21, Laws of 1877, merely extended the previous exemption, and did not grant a new exemption. *Wis. Cent. R. Co. v. Taylor Co.* 52 Wis. 37; *Wis. Cent. R. Co. v. Lincoln Co.* 67 id. 478; *St. Louis, I. M. & S. R. Co. v. McGee*, 115 U. S. 475; *Doe v. Larmore*, 116 id. 198; *Kansas P. R. Co. v. A., T. & S. F. R. Co.* 112 id. 417.

For the respondent there was a brief by *Charles W. Felker*, and oral argument by *D. S. Wegg* and *Mr. Felker*. To the point that ch. 305, Laws of 1880, is unconstitutional, they cited Cooley on Taxation, 551; *Conway v. Cable*, 37

Ill. 82; *Lassitter v. Lee,* 68 Ala. 287; *Stoudenmire v. Brown,* 48 id. 699; *Sinclair v. Learned,* 51 Mich. 335–342; *Weller v. St. Paul,* 5 Minn. 95; *Lombard v. Antioch College,* 60 Wis. 459.

ORTON, J. This is an action of ejectment for lands in the possession of the defendant, which were a part of the grant of the United States to this state made by act of Congress in 1864, and conferred upon the respondent company, and within the main body and place limit of said grant. The plaintiff proved title. The defendant introduced a tax deed for said lands, executed by the clerk of Price county to himself on the 4th day of June, 1883, on the tax sale of May 11, 1880, for taxes assessed for the year 1879. The said tax deed was shown to be void for certain defects in the tax proceedings antecedent thereto, but "not going to the validity of the assessment or affecting the groundwork of such tax." The plaintiff took judgment without compliance with the provisions of sec. 1, ch. 305, Laws of 1880. The failure of the plaintiff to comply with this section is the error complained of.

I. It is contended by the respondent's counsel that the judgment in such a case is independent of such payment, and that there should have been an order made by the court requiring such payment on the motion of the defendant, and, if the court had denied such motion, he should have appealed from such order, and not from the judgment. It will be observed that such payment is a condition precedent to the entry of judgment.

II. It is contended that the tax deed set up by the defendant is absolutely void for defects in the tax proceedings "going to the validity of the assessment and affecting the groundwork of the tax," and that therefore no such payment could be required as a condition of recovery.

1. Because the lands, as a part of said grant, were ex-

empted from taxation and assessment in the year 1879, when they were assessed as the basis of the tax, by sec. 21, ch. 314, and sec. 22, ch. 362, P. & L. Laws of 1866, exempting them from taxation for ten years from the taking effect of said acts, and by sec. 1, ch. 21, Laws of 1877, extending said time three years.   This depends upon the construction of said extension act.   Did the three years commence to run from the termination of the original exemption, or from the taking effect of the extension act of 1877?   If the latter, then the three years extension had not expired when these lands were assessed in 1879.   The language of said act would seem to be so plain as to leave little room for construction.   It is as follows:   "The time fixed, . . . during which the lands granted to said companies by said acts are exempted, . . . is hereby extended three years."  · There was a lapse of the exemption between the time it expired and the time of the extension.   The word "extended" implies something to be extended, and must necessarily be connected with that something.   It is derived from " *ex*," from or out of, and " *tendere*," to stretch or stretch out, and signifies to draw forth or stretch or prolong.   Webst. Dict. " The *time* is hereby extended," is the language.   The time is *stretched out or prolonged* three years.   The other construction would not make it an *extension*, but a new exemption independent of any other exemption.   If such be not the meaning, what was the use of sec. 4 of the act, which provides that it shall not exempt the lands which had theretofore been assessed?   For all the lands were taxable for the year 1876,— those which had been actually assessed, and those not assessed.   It appears to me that this question was so settled and decided in *Wis. Cent. R. Co. v. Lincoln Co.* 67 Wis. 478.   In that case it was the interest of this same company to contend for this construction, and make the lands exempt in the year 1876, when they were actually assessed.   The contention was that such pretended assess-

ment was so absolutely void as to be no assessment, and therefore they did not come within this exception, but were exempt by virtue of this extension act. It was held that they were assessed in that year, and did, therefore, come within the exception, and were not exempt. Mr. Justice LYON said, in the opinion, "that taxes were assessed against the plaintiff's land in 1876, within the meaning of sec. 4, ch. 21, Laws of 1877, and that such assessment was therefore *saved from the exemption of that act."* There could be nothing plainer than this. The same meaning of similar language was approved in *St. Louis, I. M. & S. R. Co. v. McGee,* 115 U. S. 475. It is unfortunate that it is now the interest of this same company to contend that such extension did not embrace the year 1876, but ran from the taking effect of the act of 1877, three years in the future, so as to embrace the year 1879, when these lands were assessed. But there is no law or rule of professional ethics against inconsistent positions in different cases. We hold, therefore, that in the year 1879 these lands were not exempt from taxation, as the extended time of exemption had already expired.

2. It is contended that these lands were not taxable in 1879 because the legal title was in the United States, and no patent had been issued to the company. It was sufficient that these lands had been fully earned, and that the company was legally entitled to the government patent. The company *owned* the lands, and if they only had an equitable title the lands were equally taxable in this state. This question was so decided in *West. Wis. R. Co. v. Trempealeau Co.* 35 Wis. 257; *Wis. Cent. R. Co. v. Price Co.* 64 Wis. 579.

III. The learned counsel of the respondent contends lastly that sec. 1, ch. 305, Laws of 1880, requiring such payments before the entry of judgment, in respect to the twenty-five per cent. interest per annum is unconstitutional.

There would seem to be scarcely a doubt that this twenty-five per cent., whether as a penalty, or indemnity, or provided on grounds of public policy to discourage delinquency in the payment of taxes, or as an equitable condition precedent to relief against a merely irregular tax proceeding, was clearly within the discretion and power of the legislature. So far as this act affects the sale of these lands for taxes, it was prospective. The act was passed before the sale. If the legislature has the power to impose any condition of recovery in such a case, then what such condition should be must be within the discretion of the legislature. They may require the payment of the purchase money and subsequent taxes, no matter how irregular, and may add to it seven per cent. Why not twenty-five per cent.? The betterment laws, and condition of payment for improvements and for taxes to the recovery of land from one having no legal right, vindicate such legislation. It would not be denied that the legislature might provide that the plaintiff, in such a case as this, should not recover at all, and make the tax deed conclusive, or make such mere irregularities immaterial and all the proceedings of taxation before the sale as merely directory, and far greater injustice be done. On redemption, the statute requires the payment of twenty-five per cent. interest per annum upon the purchase money of the lands sold, and twelve per cent. interest per annum on all taxes and charges paid. Sec. 1165, R. S. It seems to me that this act, imposing such an interest as a condition of recovery, and similar acts, so far as they have prospective effect as in this case, are unquestionably within the power of the legislature. This section was approved by this court in *Pier v. Prouty,* 67 Wis. 218. The authorities cited by the learned counsel do not seem to be in point.

We conclude, therefore, that before the judgment in this case was entered the order should have been made and the plaintiff should have made the payments required to be

The Wisconsin Central R. Co. vs. The Wisconsin River Land Co.

made by sec. 1, ch. 305, Laws of 1880, and, not having done so, the judgment is erroneous.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to make the order for the payments required by sec. 1, ch. 305, Laws of 1880, and for further proceedings according to law.