# First National Bank of Anniston v. Cheney.

### Action upon an Attachment Bond.

1. *Action by non-resident; dismissal of suit for failure to give security for costs; mandamus proper remedy.*—Where a suit brought by a non-resident should be dismissed for failure to give security for costs, as required by statute, if the court refuses to dismiss on motion of the defendant, *mandamus* is the proper remedy to compel the dismissal of said suit.

2. *Same; same; construction of statute.*—Under the provisions of the statute as it now exists (Code of 1896 § 1347; Code of 1886, § 2858) in actions by non-residents, the failure of the plaintiff to give security for costs at the commencement of the suit is not cause for dismissal, but such failure is cause for a requirement of security on motion of the defendant; and if not given within the time prescribed by the court, the case should be dismissed.

3. *Same; same; when mandamus will not be awarded.*—Under the provisions of the statute, (Code of 1896, § 1347; Code of 1886, § 2858), the defendant in an action by a non-resident is not, by having pleaded in the case, precluded from moving that the plaintiff be required to give security for costs; but he is not entitled to a dismissal of the suit because of the failure of the plaintiff to give security for costs at the commencement of the action; and not being entitled to a peremptory dismissal for such failure, *mandamus* will not be awarded to compel the dismissal on motion of the defendant.

4. *Action on attachment bond; right to maintain same though original suit pending.*—Under the provisions of the statute (Code of 1896, § 565; Code of 1886, § 2999), if an attachment has been wrongfully sued out, the defendant therein may maintain a suit on the attachment bond to recover damages actually sustained, though the original suit is still pending and undecided.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

This action was brought by the appellee, A. D. Cheney, against the First National Bank of Anniston, to recover $4,000 for the breach of the conditions of a bond made by the defendant and payable to the plaintiff in the sum

of $4,452.42, which bond was conditioned as follows: "Whereas, the above bounden First National Bank of Anniston has this day prayed for and obtained an attachment against the estate of said A. D. Cheney for the sum of twenty-two hundred and twenty-six 2-100 dollars returnable to the city court of Anniston. Now, if the said First National Bank of Anniston shall prosecute said attachment to effect, and pay the said defendant all such damages and costs as he may sustain by the wrongful or vexatious suing out of such attachment, then this obligation to be void; otherwise to remain in full force and effect."

The plaintiff alleged the condition of said bond had been broken in this, that said A. D. Cheney was not indebted to said First National Bank of Anniston at the date of the suing out of said attachment, and said bank has failed, to pay the plaintiff the following special damages which he suffered by reason of the wrongful suing out of said attachment, to-wit: Then follows the enumeration of the special damages suffered by the plaintiff; the 4th and 6th assignments of damages being as follows: "4. The sum of one thousand dollars damages which plaintiff suffered to his credit, in this, that prior to and up to the suing out of said attachment plaintiff enjoyed a good credit in commercial circles and with the public generally, which said credit was destroyed by the suing out of said writ." "6. The sum of one hundred dollars for the loss of his time and necessary travelling expenses and hotel bills which plaintiff was compelled to incur and pay while attending the court and defending said attachment suit."

This action was instituted on April 28, 1896. On June 2, 1896, the defendant moved to strike the 4th and 6th assignments of damages from the complaint, on the ground that the damages were too remote and were not such as could be recovered in this action. On October 3, 1896, the defendant moved the court to dismiss the suit of the plaintiff, because the plaintiff was a non-resident of the State of Alabama and was so at the time of the bringing of the said suit, and has not given security for costs. On October 8, 1896, the court overruled this motion to dismiss for the want of security for costs, and

[First National Bank of Anniston v. Cheney.]

the defendant duly excepted. On October 12, 1896, the court overruled the defendant's motion to strike the 4th and 6th assignments of damages from the complaint, and to this action the defendant duly excepted. The defendant demurred to the complaint, upon the following grounds: "1. It does not appear from the complaint that it has been adjudged by any court of competent jurisdiction that said A. D. Cheney was not indebted to said First National Bank of Anniston. 2. Said complaint fails to aver that the court having jurisdiction of said attachment suit has decided that said A. D. Cheney was not indebted to said First National Bank of Anniston at the date of suing out of said attachment. 3. For aught that appears in said complaint said attachment suit is still pending and undecided, and the indebtedness *vel non* of said A. D. Cheney to said bank is still undecided." This demurrer was overruled, and the defendant duly excepted.

The defendant then filed the following special pleas: *"First.* That the original suit of the First National Bank *v.* A. D. Cheney, in which the indebtedness *vel non* of A. D. Cheney to said bank was raised and put in issue, is still undecided and undisposed of, and that the same is now pending in the Supreme Court of Alabama, and hence this court can not entertain a suit on an attachment bond in which the only breach of the bond is that the attachment was wrongfully sued out, because the plaintiff was not indebted to the defendant, when that fact is being adjudicated in another suit in another court.

*"Second.* While it is true the city court of Anniston decided in the main suit of the First National Bank *v.* A. D. Cheney, that said A. D. Cheney was not indebted to said bank, said decision and judgment has been duly and legally appealed by said bank to the Supreme Court of Alabama, where the same was transferred, and where it has been argued and submitted and is now pending, awaiting a decision from said Supreme Court, and this court has no jurisdiction to entertain this suit on said bond, where the only breach of the bond is a denial of the indebtedness when that fact is in litigation in another suit and in another court of competent jurisdiction.

*"Third.* The fact of the indebtedness *vel non* of A. D.. Cheney to said First National Bank is directly involved and put in issue in the attachment suit of the First National Bank *v.* A. D. Cheney, begun in this court but which is now pending in the Supreme Court of Alabama, to which court it was duly and legally appealed and transferred by said bank. Said case has been submitted to the Supreme Court of Alabama, and has been argued by counsel, but has not yet been decided, and defendant pleads the pendency of that suit in abatement of this."

The plaintiff moved the court to strike from the file the 1st, 2d and 3d pleas of the defendant, upon the grounds, (1) that they were frivolous; and, (2) that said pleas constituted no defense to the plaintiff's suit. The court sustained the motion to strike said pleas from the file, and to this ruling the defendant duly excepted.

There was judgment rendered for the plaintiff. The defendant appeals and assigns as error the rulings of the court upon the pleadings to which exceptions were reserved. In this court the appellant filed a petition for *mandamus*, to compel the judge of the city court to grant an order dismissing the suit for the failure of the plaintiff, who was a non-resident of the State, to give security for costs, and also to vacate the order which had been entered overruling the motion of the defendant for the dismissal upon the same ground.

J. J. WILLETT, for appellant.—The court erred in overruling defendant's motion to dismiss plaintiff's suit for want of security for costs. The record shows that this motion to dismiss for want of security for costs, while filed after appellant's motion to strike certain assignments of damages from the complaint, was filed before any judgment had been rendered on that motion, and was filed before any plea, demurrer or judgment had been filed in the case.—*Ex parte Robbins*, 29 Ala. 71; *Lavange v. Burke*, 50 Ala. 61; *Weeks v. Napier*, 33 Ala. 568.; *Heflin v. Rock Mills Manfg. & L. Co.*, 58 Ala. 614. The motion for *mandamus*, therefore, should be granted.—*Ex parte Tower Manfg. Co.*, 103 Ala. 415; *Chastain v. Armstrong*, 85 Ala. 215; *Ex parte Barnes*, 84 Ala. 540.

[First National Bank of Anniston v. Cheney.]

The court erred in sustaining plaintiff's motion to strike defendant's pleas from the file. "There being two suits pending for the same cause of action, pendency of the first should be pleaded in abatement of the second." *Danforth & Armstrong v. Tenn. & Coosa R. R. Co.*, 93 Ala. 615.

BLACKWELL & KEITH, *contra.*—The motion of defendant to dismiss the suit for want of security for costs was properly overruled. That right had been waived by a general appearance of defendant. And besides there had been a regular continuance of the suit from the January Term of the city court which ended in June, to the October Term when this motion was first made. *Heflin v. Rock Mills &c. Co.*, 58 Ala. 613 ; *Lavange v. Burke*, 50 Ala. 61 ; *Harper v. Columbus Factory*, 35 Ala. 127 ; *Weeks v. Napier*, 33 Ala. 568.

The court did not err in striking appellant's pleas from the file as complained of in the second assignment of error.—Code of 1896, § 2999 ; *Swanner v. Swanner*, 50 Ala. 66.

BRICKELL, C. J.—The case comes before the court, primarily, on an application for a *mandamus* to compel the judge of the city court of Anniston, to enter an order dismissing a suit commenced in that court by A. D. Cheney against the First National Bank of Anniston, and to vacate an order which had been entered, overruling a motion for a dismissal. At the time of the commencement of the suit Cheney was a non-resident of the State, and failed to give security for the costs of suit. If the neglect to give the security required the dismissal of the suit, *mandamus* is an appropriate remedy to compel it; though on appeal, after final judgment against the defendant, the refusal to dismiss, if properly presented, would be error available to reverse the judgment. As a general rule, it is true, that *mandamus* will not be granted for the correction of an error arising in the progress of a suit, which can be revised on appeal after final judgment.—*Ex parte Elston*, 25 Ala. 72. But the appeal must be an adequate remedy, it must be capable of protecting parties from the injury immediately resulting from the error of the court.—Merrill on Man-

damus; § 201. While the error in refusing a dismissal for want of security for costs, may be available on error for the reversal of a judgment, obviously, an appeal is not an adequate remedy. The citizen is compelled into litigation with a non-resident, pending the further continuance of the suit and the appeal, without indemnity against the cost, the evil the statute intends to avoid. Hence, it has been the uniform course of decision, that *mandamus* is an appropriate remedy to compel the dismissal of such suit.—*Ex parte Cole*, 28 Ala. 50 ; *Ex parte Bobbins*, 29 Ala. 71 ; *Ex parte Morgan*, 30 Ala. 51.

From the adoption of the Code of 1852, to the enactment of the act of February 17, 1885 (Pamph. Acts, 1884–85, p. 137), sections one and three of which formed sections 2858 and 2859 of the Code of 1886, and now form sections 1347 and 1348 of the Code of 1896, the giving of security for costs by non-residents was a condition precedent to the commencement of suit, and if it was not then given, the mandate of the statute was, that on motion the suit must be dismissed ; and the courts were without power to permit the security to be given at any subsequent time. But a defendant appearing and pleading, admitted himself rightly in court, and could not thereafter raise the objection that security for costs had not been given at the commencement of suit.—*Ex parte Robbins*, 29 Ala. 71 ; *Heflin v. Rock Mills M. & L. Co.*, 58 Ala. 613.

The statute prior to the Code of 1852, required non-residents to give security for costs, but the failure to give it at the commencement of suit, was not cause of dismissal. It was cause only for a requirement of security, which if not given within a time prescribed by the court, resulted in a dismissal. The security could be given at any time before a dismissal of the suit, and the requirement of security could be made at any stage of the suit, not regarding what were the pleadings the defendant may have interposed. The statutes prior to the Code of 1852, and the decisions in construction and application of them will be found 1 Brick. Dig. pp. 422–24. The present statute was intended to restore the practice prevailing under the statute prior to the Code of 1852, and to authorize a deposit of money in lieu of personal secur-

ity for costs, if such deposit was elected. The whole matter rests largely in the sound judicial discretion of the court, and the motion for security may be made at any stage of the cause, before entering on the trial.—*Ex parte Jones*, 83 Ala. 587; *Brown v. Bamberger*, 110 Ala. 342. The defendant was not precluded from moving that the plaintiff be required to give security for the costs because of anything he may have done in defense of the suit; but he was not entitled to a dismissal because of the failure of the plaintiff to give it at commencement of suit, and the court properly overruled the motion for a dismissal. All to which the defendant was entitled was an order requiring the plaintiff to give security within a time prescribed by the court. Not being entitled to a peremptory dismissal, the application for *mandamus* must be denied.

We have examined the ruling of the court touching the pleadings, assigned as error, and are of the opinion that the rulings are supported by the statute (Code of 1896, § 565), which authorizes the institution of this suit, pending the attachment suit; and by former decisions of this court, which are collected in, 1 Brick. Dig. 172, §§ 273–75; 3 Brick. Dig. 60–61, §§ 135, 138, 140, 142, 143, 145, 146, and in the annotations to the section of the Code referred to. On these assignments of error, the judgment must be affirmed.

Affirmed.