# *Ex Parte* Bradshaw.

## *Mandamus.*

(Decided June 16, 1911. Rehearing denied Dec. 21, 1911.
57 South. 16.)

1. *Costs; Order for; Effect.*—Where an order is entered directing a non-resident plaintiff to give security for costs within a given time, or that the cause should stand dismissed, such order was not tantamount to an order of dismissal on default of plaintiff to comply with its terms, and did not effect a dismissal.

2. *Same; Statutes; Construction.*—In view of the statutes preceding the adoption of section 3687, Code 1907, it is held that that section, while giving the trial court a discretionary power to extend the time for giving the security, makes the giving of security in accordance with the order of the court a condition precedent to the maintenance of the action, and a failure to comply with the order authorizes a dismissal of the action.

3. *Same.*—Section 3687, Code 1907, in view of previous legislation on that subject is held not subject to the rule that penal statutes should be strictly construed, unless they exhibit a contrary intent.

4. *Same.*—Section 3687, Code 1907, while preserving the authority of trial courts to dismiss peremptorily where no security for costs is given, gives the court the discretionary power to fix the period within which the plaintiff must act, and the action must be dismissed if the security be not given within the time fixed by the court, even though the court attempted to extend the time after the expiration of the time fixed. This holding does not require the reading in of the word "first" as qualifying the word "direct" in the statute.

5. *Same; Time for Giving.*—Under section 3687, the trial court has discretionary power to prescribe the time within which the security for costs may be given, and having prescribed the time may, within its discretion, extend it, if action be taken within the time.

6. *Same; Time; Extension.*—Where the court required security for cost to be given by a non-resident plaintiff, and designated 30 days within which to make the security, and before the expiration of that period, plaintiff moved for an extension of time, and the court without entering an order to that effect, continued the motion to the period beyond the 30 days, an order then entered by the court extending the time was void; the period having expired without an order, the court could not order another extension, the order of extension like the original order, being the act of the court, must be in writing, signed by the judge and filed or entered of record, unless made in open court, and the mere application for an extension without a written order does not prevent a lapse.

7. *Mandamus; Dismissal; Failure to give Security for Costs.*— The trial court may be compelled by mandamus to dismiss a suit in which security for costs has not been given by a non-resident plaintiff when filing a suit, or within the time fixed by the trial court for the giving of such security.

(Sayre, J., dissents.)

Original petition in the Supreme Court.

Mandamus by Caldwell Bradshaw directed against Hon. C. C. Nesmith, judge of the city court of Birmingham, for a rule requiring such judge to dismiss a cause for want of security for costs as fixed by him. Writ issued.

A. LATADY, for petitioner. The only question is the power of the court to override the mandates of section 3687, Code 1907. There are several lines of decisions as to this matter. The first are under the statutes prior to 1852, where it is held that it was not mandatory upon the courts to dismiss on motion.—*Lyons v. Long,* 6 Ala. 103; *Whittaker v. Sanford,* 13 Ala. 522. The second series is under the statute as modified by the Code of 1852, which makes it mandatory.—*Ex parte Cole,* 28 Ala. 50; *Ex parte Robbins,* 29 Ala. 71; *Ex parte Bottoms,* 46 Ala. 312. This line continued until the further modification of the statute, by the acts of 1884-5, p. 137. Under the acts as they now stand two motions are required, the first being for security, and the other for a dismissal for a failure to give security.—*1st Nat. Bank*

*v. Cheney,* 120 Ala. 117.  Having fixed a time within which security should be given, the court was without authority after the expiration of that time to extend it, but it was mandatory on the court to dismiss on proper motion.—Section 3687, Code 1907; *Ex parte L. & N. R. R. Co.,* 124 Ala. 547.

BOWMAN, HARSH & BEDDOW, W. K. TERRY, and W. T. STEWART, for appellees.  The order requiring security for cost was not tantamount to an order of dismissal, but merely rendered the cause subject to dismissal, on proper motion.—*J. & P. R. R. Co. v. Western R. R. Co.,* 32 N. E. 961; *Palliser v. Home Tel. Co.,* 54 South. 500; *Rich v. Thornton,* 69 Ala. 473; *Whittaker v. Stanford,* 13 Ala. 522.  Under these authorities, it must be held that the court was justified in granting further time within which to give securities, and that a dismissal should not be entered until after the expiration of such time.—*Reese v. Billing,* 9 Ala. 263.

SOMERVILLE, J.—In the case of *L. W. Phillips v. Caldwell Bradshaw,* pending in the city court of Birmingham, the defendant filed his motion to require the plaintiff, a non-resident, to give security for the costs of suit; and on December 24, 1910, the trial judge granted an order, duly entered on the motion docket, as follows: "December 24, 1910.  Ordered that plaintiff give security for costs in above-styled cause within thirty days from this date or cause shall stand dismissed.  C. C. Nesmith, Judge."  On January 23, 1911—the thirtieth day of the period prescribed—plaintiff's attorney appeared before the court and by verbal motion asked for an extension of the time for giving such security.  This motion was held under consideration by the court until January 25, 1911, at which time plaintiff's attorney

again appeared, and the court granted further time by an order entered on the docket as follows: "January 25, 1911. It is ordered that time within which security for costs may be given by plaintiff be and hereby is extended to February 8, 1911. C. C. Nesmith, Judge." On February 7, 1911, the time was again extended by a similar order to February 16, 1911, and on February 13, 1911, plaintiff filed his bond securing the costs, which was duly approved by the clerk of the court. In the meantime, on February 6, 1911, the defendant filed a motion to dismiss the suit and strike the cause from the docket. This motion was heard by the court and by it overruled on February 25, 1911. On this state of facts, the defendant seeks by mandamus to compel the trial judge to strike the said cause from the docket of the city court of Birmingham. The theory of the petitioner is that, the trial court having fixed the time within which plaintiff should give the security, and that time having fully elapsed without the making or entry of any order by the court extending the time for such action, the discretion of the court was exhausted, and thereafter it could grant no further extension to plaintiff.

As we understand from the brief and argument of petitioner's counsel, it is not contended that the provision inserted in the order of December 24th, that in case of default by plaintiff "the cause shall stand dismissed," operated ipso facto to effect the dismissal. And we think, on both principle and authority, it would not so operate.—*Whittaker v. Sanford,* 13 Ala. 522; *Springfield Co. v. Construction Co.,* 49 Ohio St. 681, 32 N. E. 961; *Ex parte McLendon,* 33 Ala. 276.

Our statutes requiring non-resident plaintiffs to give security for costs, beginning with the territorial act of 1807, have differed greatly in language, purpose, and effect, and it becomes necessary to briefly review them

as indicative in some degree of the purpose and meaning of the present statute (section 3687, Code 1907), which we are now called upon to interpret and apply to the case before us.

The act of 1807, as found in Toulmin's Digest, p. 350, and in Clay's Digest, p. 316, provided that suits should be dismissed for failure to give the security within 60 days after notice of requirement to do so. As interpreted by this court, the time thus prescribed was held to be not mandatory, and the plaintiff had a right to offer and give the security at any time before actual dismissal, and even when the case was called for trial; and dismissal in the case of such an offer was erroneous.— *Whittaker v. Sanford,* 13 Ala. 522.

This law no doubt proved inefficient, and there was placed in the Code of 1852 (as section 2396) a provision that such suits must be dismissed on motion unless security for costs was indorsed on the complaint, or lodged with the clerk, previous to the issue of the summons. This statute was held to be mandatory, and its requirements a condition precedent; and the plaintiff's failure to conform to its requirements demanded the dismissal of his suit by the trial court on motion therefor. And if the court failed on motion to execute the sentence of dismissal denounced and perfected by the statute, it could be compelled thereto by writ of mandamus at the petition of an interested party.—*Ex parte Cole,* 28 Ala. 50; *Ex parte Robbins,* 29 Ala. 71; *First National Bank of Anniston v. Cheney,* 120 Ala. 122, 23 South. 733.

This law remained in force until repealed by the act of February 17, 1885, (Sess. Acts 1884-85, p. 137), which provides for dismissal as formerly, "or unless security be furnished as required by the court on motion therefor." This act as codified in section 2858 of the Code

of 1886, and brought down as section 3687 of the Code of 1907, requires dismissal on motion if the security "be not given by such non-resident when the suit is commenced, or within such time thereafter as the court may direct."

Under this present statute it has been held by this court that the plaintiff's failure to give the security as prescribed requires the dismissal of the suit, and that the trial court may be compelled thereto by writ of mandamus at the petition of the defendant.—*First National Bank v. Cheney,* 120 Ala. 117, 23 South. 733; *Ex parte L. & N. R. R. Co.,* 124 Ala. 547, 27 South. 239; *Ex parte Smith,* 168 Ala. 179, 52 South. 895. It has also been held that it gives to the court a discretionary power to prescribe the time within which the security should be given, that once fixing the time does not exhaust this discretion, and that the court has the same right to extend the time thus prescribed as it had to fix it in the first instance.—*Ex parte Jones,* 83 Ala. 587, 3 South. 811.

Looking to the history and purpose of the statute, and especially to the office and operation of its immediate progenitor (section 2396 of the Code of 1852), we can discover in the additional provision ingrafted on the old law no other legislative purpose than to merely allow the trial court, in its sound discretion, to substitute for the former condition precedent to filing the suit a new condition to its further maintenance—but none the less a condition precedent. And we are clear in the conviction that the plaintiff's failure to give the security within the terms of the order of the court, thus substituted by it for statutory condition, has exactly the same effect as had under the prior statute his failure to give the security previous to the issue of the summons. We are unable to assent to the suggestion of

counsel for respondent that the statement in *Bank v. Cheney*, 120 Ala. 122, 23 South. 733, that "the present statute was intended to restore the practice prevailing under the statute prior to the Code of 1852," had any application other than to the practice which permitted the motion to be made after continuance or the filing of defensive pleas—a practice not allowed under the Code of 1852. This was the point under consideration, and to it the statement must be referred and limited.

We now come to consider the precise questions presented by this petition, viz., whether the extension of plaintiff's time for giving the security, as originally prescribed by the order of December 24, 1911, could be granted only by an order made before the 30 days had expired; any subsequent order being functus officio. And, if it must have been so made, whether such order must be evidenced by the usual written memorial, i. e., by an entry upon the records of the court, or by a writing duly filed; or whether, upon the verbal application of the plaintiff, made before the expiration of the 30 days, the court may carry the matter in the breast of the judge beyond the allotted period, without the entry of any order expressly or impliedly extending the plaintiff's time, and then at a later day enter an appropriate order of extension which shall be of the same effect as if duly entered before the expiration of the 30-day period.

We find no difficulty in reaching the conclusions.: (1) That any attempt of the trial court to extend the period once prescribed, by action taken after its expiration, is unauthorized, null, and void.—*Ex parte Jones*, 83 Ala. 587, 3 South. 811; *Kimball v. Penny*, 117 Ala. 245, 22 South. 899; *Morris v. Brannen*, 103 Ala. 602, 15 South. 865; *Rossen v. State*, 92 Ala. 76, 9 South. 357; *Bass Furnace Company v. Glasscock*, 86 Ala. 244, 6 South. 430. (2) That the order of extension, like the

original order, must be the act of the court as distinguished from the personal act of the judge, and as such must be in writing, signed by the judge, and filed or entered of record, unless made in open court; and even then it can be evidenced only by the notes or minutes of the court as are other interlocutory orders thus made. This results from the very nature of courts, which speak only through their records. As said by Mr. Freeman: "All courts and all tribunals possessing judicial functions are required by the written or unwritten law, and often by both, to reduce their decisions to writing in some book or record kept for that purpose. The requirement is believed to be of universal application."— 1 Freeman on Judgments (4th Ed.) § 37; *Speed v. Cocke, Adm'r,* 57 Ala. 209, 216, 217.

We note in passing that it has been once held by this court that an order continuing the cause, entered within the period first prescribed for the giving of the security, keeps alive the discretion and power of the court to grant a further extension of time; such order being in itself, by necessary implication, a general extension.— *Ex parte Jones,* 83 Ala. 587, 3 South. 811. We recognize this case as authority for the proposition that the order of extension need not expressly and specifically extend the period already prescribed, but may have that effect if of such a character as to necessarily imply an extension.

Applying the principles and conclusions above enunciated to the facts of the present case as shown by the answer of the learned trial judge, we are unable to escape the final conclusion that the mere application of the plaintiff for an extension of the 30-day period previously granted him for giving the required security for costs, though made within that period, there being no order made or entered by the trial judge until after that

period had expired, could not by any subsequent granting order keep alive or resuscitate the expired discretion of the court; that the mere mental purpose of the judge to entertain the application and pass upon it at a future day is not sufficient to avoid the forfeit; and that after this uninterrupted lapse is complete there remains in the trial judge no further discretion, but it becomes his duty, on motion of the defendant, to execute the sentence of the statute according to its mandatory terms.

This, we conceive, after thorough consideration, to be the true meaning and intent of the statute, which it is our duty to declare.

We need not now determine whether, if the security were in fact filed before the defendant interposed his motion to dismiss the cause, the motion would be thereby rendered unavailing; nor what delay or other conduct on the part of the defendant would operate as a waiver of his right to a dismissal—questions not presented by the record.

.Let the peremptory writ issue as prayed for in the petition.

SIMPSON, ANDERSON, McCLELLAN, and MAYFIELD, JJ., concur. SAYRE, J., dissents.

## On Rehearing.

SOMERVILLE, J.—A spirited criticism is made of the reasoning and the conclusion of the court as stated in the foregoing opinion. It is insisted: (1) That we have unwarrantedly read into the statute the word "first" in order to qualify the word "direct"; (2) that we have strictly construed a penal statute which ought to be construed liberally; (3) that we have violated the plain meaning and effect of two previous decisions of this court, viz., *Ex parte Jones*, 83 Ala. 587, 3 South.

811, and *First National Bank v. Cheney*, 120 Ala. 117, 23 South. 733.

In view of the practical importance of the question adjudicated, we deem it worth while to notice these arguments.

1. When the act of 1807 was changed by the Code of 1852, and the construction of the latter was first before this court, the same argument was vigorously urged against giving it a mandatory meaning, to which the court replied by Goldthwaite, J.: "The act speaks as clearly as language can speak, and declares that the suit must be dismissed if that is not done (i. e., the lodgment of the costs with the clerk); and when the Legislature have said that this shall be done before suit upon what principle is it that courts would be authorized to say that it might be done after the commencement of the action? Such a course would savor more of legislation than of judicial interpretation. It is better, in all such cases, to stand upon the plain words of the statute." —*A. & T. River R. Co. v. Harris*, 25 Ala. 232, 235.

It is, indeed, an elementary rule that penal statutes should be strictly construed unless they exhibit a specific or general intent to the contrary. But, in the long process of legislative evolution and change, our statutes on this subject have long since passed the state when that rule, or the reasoning upon which it rests, can be accorded any controlling force. The only question here is: How far did the Legislature intend to abrogate the mandatory meaning of the statute of 1852? Did it intend a complete or only a partial reversion of the discarded and inefficient rule in force prior to 1852?

2. We think it was plainly intended by the present statute only to *qualify* the previous requirement of contemporaneously filing the security, and, while still preserving the authority of the trial court to dismiss the

action peremptorily for failure to do so, to permit the court in its discretion to fix a period of grace within which the plaintiff must act; the length of the period being also left to the sound discretion of the court. The language is that the suit *"must* be dismissed on motion if security for the costs be not given   *   *   *   *within such time* thereafter as the court may direct."

It is obvious that the ruling complained of does not require that the statute be read "within such time thereafter as the court may *first* direct," nor have we given it any such meaning. On the other hand, we are not authorized, as insisted upon by counsel, to make the statute read "within such time *or times* as the court may direct"; for "time" as here used, means no more nor less than *period.* Indeed, if it were an open question, it might well be doubted whether it was ever intended to vest in the trial court the power of continued and indefinite extension of such period of time as its original order prescribed. As to this, however, we are bound to adhere to the ruling in *Ex parte Jones, supra,* which it must be presumed, has been sanctioned by later re-enactments of the statute.

3. The case of *Bank v. Cheney,* 120 Ala. 117, 23 South. 733, is relied upon as authority for the contention that *all* questions relating to the enforcement of the statute are left to the discretion of the trial court. We have critically re-examined the opinion in that case, and are fully convinced of the correctness of our views with respect to it as already expressed. Indeed, Chief Justice Brickell there pointedly affirms that mandamus lies against the trial judge to compel the dismissal of the suit, for he says: "While the *error* in refusing a dismissal for want of security for costs may be available on error for the reversal of a judgment, obviously an appeal is not an adequate remedy. The citizen is compelled

into litigation with a non-resident, pending the further continuance of the suit, and the appeal, without indemnity against the cost, the evil the statute intends to avoid. Hence it has been the uniform course of decision that mandamus is an appropriate remedy to compel the dismissal of the suit."

The writ was denied in that case only because the defendant had not filed any preliminary motion to require security, and hence was not yet entitled to a peremptory dismissal.

Even the most biased mind must concede that the declared right of a defendant by mandamus to compel the trial court to dismiss the suit is wholly incompatible with the theory of a judicial discretion residing in that court. If, then, the defendant may resort to mandamus to vindicate his right, it is pertinent to inquire what *right he has*. If the trial court may prescribe the time within which the security must be given, and also *after* that time has completely elapsed prescribe a new period, and so on indefinitely at his uncontrolled discretion, it is quite certain that the defendant remains with no right at all, for there is no stage at which he may successfully coerce the action of the trial court. If the time fixed by the original order has expired without response from the plaintiff, how long must the defendant delay the assertion of his right to the writ of mandamus? Clearly, if he has any *right* at all, it is complete when the plaintiff has failed to act within the time allowed him by the order. If not, each application for mandatory relief, whenever he may have the temerity to seek it, will be effectually met by the answer of the trial judge that he has *on that very day* made an order fixing a new period of time; and it would of necessity result that the petition would be dismissed.

[Ex Parte Bradshaw.]

"Must" is a strong word, and when used in statutes it must always be regarded as mandatory, unless from context or subject-matter a merely permissive meaning seems clearly and certainly to have been intended.

The ruling in *Ex parte Jones, supra,* left but little life in the mandatory feature of the statute, and we are unwilling to now sanction its complete devisceration. In that case it was said: "The time within which the security is to be given is here made to rest within the sound discretion of the presiding judge. His once fixing the time did not exhaust the exercise of this discretion. He had the same right to *extend* it, as he did to fix it in the first instance." And the right to extend the time was plainly based upon the fact that the extension was made *within* the period first prescribed, and while the power was still alive.

It is now insisted that this language supports the respondent's contention and refutes our conclusion to the contrary. This argument is founded on a misapprehension of the meaning of the language quoted. *To extend* is to draw out, to prolong, to continue; and, ex vi termini, it can only refer to something already in existence. It is therefore idle to speak of *extending* a given period of time which has already completely expired. If a new period is then designated, it is not an extension of the old period, but the creation of an entirely new one.—*State v. Scott,* 113 Mo. 559, 20 S. W. 1077; *W. C. R. Co. v. Comstock,* 71 Wis. 88, 36 N. W. 843; 844; *Clement's Ex'rs. v. Dickey,* 5 Fed. Cas. 1025, 1027. And this court is fully committed to this view.

A statute of this state formerly gave to circuit judges the power in term time to "fix the time in which the bill of exceptions shall be signed," and further provided that "the judge, in vacation, may for good cause shown *extend the time* fixed in term time."—Sess. Acts 1886,

p. 126; section 2762, Code of 1886. Here was an express power *to extend* the time originally fixed. This *express* power to extend can surely not be deemed less comprehensive and efficient than the implied power to extend ingrafted on the statute under consideration by judicial decision; and under the former it has been uniformly held that an attempted extension of the time prescribed, after the *expiration of the last day thereof*, was without authority—the power to extend having then become functus officio.—*Bass Furnace Co. v. Glasscock*, 86 Ala. 244, 6 South. 430, and numerous other cases.

No reason has been given, and we think none can be given, why the same rule of construction should not be applied to both statutes; and certainly distinctions without differences are not creditable to the law.

Application overruled.

SIMPSON, ANDERSON, MCCLELLAN, and MAYFIELD, JJ., concur. SAYRE, J., dissents.