MURDOCK, Justice
(concurring specially).
I concur in the main opinion. I write separately to explain my concurrence in Part 3 of the “Discussion” section in the main opinion and, as to the issue addressed therein, why I believe this case can be distinguished from the case of Ex parte U.S. Bank National Association, 148 So.3d 1060 (Ala.2014), also decided by the Court today.
As I discuss in a dissenting opinion in U.S. Bank, this Court has long adhered to the view that most issues raised by motions to dismiss or for a summary judgment, if not properly addressed by the trial court, can be raised before this Court on appeal and that the appeal of such issues constitutes an “adequate remedy” for purposes of the elements necessary to warrant the issuance by this Court of a writ of mandamus directed to a lower court. We therefore have long adhered to a general rule, subject only to “certain narrow exceptions,” that mandamus review is not available to review interlocutory orders of the trial courts of this State denying motions to dismiss or for a summary judgment. See U.S. Bank, 148 So.3d at 1074 (Murdock, J., dissenting). Counting circuit court judges, probate court judges, and juvenile court judges, there are over 200 “trial judges” throughout the numerous jurisdictions of this State who, in any given week, rule upon scores of such motions. There is only one Court of Civil Appeals and only one Supreme Court. The general rule is critical to preserving the proper balance of roles between trial and' appellate courts and preserving our limited appellate resources.
Accordingly, it is with some trepidation, and no small amount of concern that we may have failed to anticipate all the ramifications of our action, that in the present case I acquiesce in the relaxation of the general rule so as to make mandamus review available where a trial court has denied a motion for a summary judgment based on the ground that the applicable statute of limitations barred the plaintiffs action and that that fact is plainly reflected on the face of the complaint. This circumstance will now become one of the “certain narrow exceptions” that we have heretofore recognized to the general rule.
Unlike in U.S. Bank, the relaxation of the general rule in the present case does not involve a question that goes to the merits of the action, at least not in the sense that question at issue in U.S. Bank does. See U.S. Bank, 148 So.3d at 1076 (Murdock, J., dissenting). Instead, the present case concerns a question as to whether a plaintiff should be allowed to pursue in our courts a decision on the merits of a claim in the face of a legal rule — a statute of limitations — that has as its purpose the avoidance of such a decision under circumstances where the ability of a court to make a correct decision on those very merits may have been denigrated. See 51 Am.Jur.2d Limitation of Actions § 7 (“A primary purpose of a statute of limitations is to ensure timely notice to the defendant of a claim against him or her, to permit the defendant to take necessary steps to gather and preserve the evidence needed to defend against the suit, so that the defendant is not prejudiced by having an action filed against him or her long after the time the defendant could have prepared a defense against the claim. Statutes of limitation are intended to provide an adverse party a fair opportunity to defend a claim, as well as to preclude claims in which a party’s ability to mount *751 an effective defense has been lessened or defeated due to the passage of time.”); 51 Am.Jur.2d Limitation of Actions § 98 (“The object of a statute of limitations [is] keeping stale litigation out of the courts-”). Accordingly, the present case better lends itself than does U.S. Bank to an argument that an appeal is not an adequate remedy to prevent “the particular harm at issue,” or, as one Court put it, “the evil the statute intends to avoid.” Ex parte Alamo Title Co., 128 So.3d 700, 716 (Ala.2013) (Murdock, J., concurring specially) (quoting the latter passage from First Nat’l Bank of Anniston v. Cheney, 120 Ala. 117, 121-22, 23 So. 733, 734 (1898)).[5]

. In contrast, I see the "particular harm” at issue in U.S. Bank as one primarily related to the merits of the action. If an appeal is not to be deemed an adequate remedy in that circumstance, the "general rule” is at an end. There is no place left to “draw the line” — no principled basis on which to refuse to involve this Court on an interlocutory basis in the untold number of preliminary decisions made daily by the trial courts of this State regarding the merits of the cases before them. The same cannot be said of the relaxation of the general rule to cover the circumstances presented in the present case.